590 So.2d 55 (1991)
Glenda June PARKER, etc.
v.
SOUTHERN AMERICAN INSURANCE CO.
No. 91 C 1133.
Supreme Court of Louisiana.
December 2, 1991.
Christopher J. Roy, Alexandria, for applicant.
Rodney J. LaCoste, Jr., Stassi, Rausch & Giordano, Metairie, for respondent.
*56 WATSON, Justice.
The issue is whether plaintiff's compensation suit, which made a monetary demand for her husband's death against his employer, interrupted prescription on this tort suit against the employer's liability insurer.
Plaintiff, Glenda June Parker, individually, and on behalf of her four minor children, seeks damages for the death of her husband, John Burton Parker, on May 20, 1984. Mrs. Parker sued Southern American Insurance Company, the liability insurer of Parker's employer, Sheriff Marshall T. Cappel, on February 24, 1987. The trial court sustained an exception of prescription. The court of appeal affirmed. Parker v. Southern American Ins. Co., 578 So.2d 1021 (La.App. 3d Cir.1991). A writ was granted, [581 So.2d 668 (La.1991) ], to consider whether prescription was interrupted by plaintiff's prior compensation suit, which was dismissed on an exception of no cause of action. Parker v. Cappel, 500 So.2d 771 (La.1987).
Delictual actions are subject to a liberative prescription of one year, which runs from the date of injury or damage. LSA-C.C. art. 3492. "Prescription is interrupted...when the obligee commences action against the obligor, in a court of competent jurisdiction and venue...." LSA-C.C. art. 3462. This interruption continues while the suit is pending. LSA-C.C. art. 3463; Louviere v. Shell Oil Co., 440 So.2d 93 (La. 1983).
A petition must state the material facts of the occurrence that is the subject matter of the litigation. LSA-C.C.P. art. 891. When a petition notifies a defendant that legal demands are made for a particular occurrence, prescription is interrupted. Nini v. Sanford Brothers, Inc., 276 So.2d 262 (La.1973).
A petition can interrupt prescription without stating a cause of action. Batson v. Cherokee Beach and Campgrounds, 530 So.2d 1128 (La.1988). A pleading which alleges a factual occurrence and liability of a named defendant interrupts prescription despite failure to state a cause of action by alleging negligence. Id. at 1131 n. 15.
Both the compensation suit and this tort suit are based on the occurrence of Parker's death and the monetary liability of Sheriff Cappel. See Roger v. Estate of Moulton, 513 So.2d 1126 (La.1987). The defendant insurance company had notice of those elements through the notice to its insured. Pearson v. Hartford Accident & Indemnity Co., 281 So.2d 724 (La.1973); Baker v. Payne & Keller of La., Inc., 390 So.2d 1272 (La.1980). There is factual connexity and the parties are closely related. See Findley v. City of Baton Rouge, 570 So.2d 1168 (La.1990).
An accident for compensation purposes can occur with or without fault. LSA-R.S. 23:1021(1). Thus, a suit for compensation benefits does not exclude the concept of fault: it merely gives the employer a shield against tort liability. Since Parker v. Cappel held that there was no compensation coverage, the employer and his liability insurer were aware of potential tort exposure.
The law strictly construes statutes of liberative prescription. They are intended to protect defendants from prejudice in preparing and conducting defenses. Giroir v. South La. Medical Ctr., etc., 475 So.2d 1040 (La.1985). Plaintiff's compensation suit against Sheriff Cappel gave this defendant notice that it might be liable on a cause of action arising from Parker's death. Defendant has demonstrated no prejudice.
Any liability of defendant, Southern American Insurance Company, derives from its insured, Cappel, defendant in the worker's compensation case. See Matthews v. Insurance Company of North America, 418 So.2d 582 (La.1982). The insurance company is a solidary obligor with Cappel. "The interruption of prescription against one solidary obligor is effective against all solidary obligors and their heirs." LSA-C.C. art. 1799.
Plaintiff's first suit notified defendant of her demand against its insured, Cappel, for *57 the death of her husband. Prescription was interrupted. This suit, which states a cause of action for negligence, is timely.
For the foregoing reasons, the judgment of the court of appeal is reversed and the matter is remanded for further proceedings.
REVERSED AND REMANDED.
LEMMON, J., concurs and assigns reasons.
COLE, J., respectfully dissents.