593 So.2d 365 (1992)
Daniel MAQUAR
v.
TRANSIT MANAGEMENT OF SOUTHEAST LOUISIANA, INC.
No. 91-C-1453.
Supreme Court of Louisiana.
January 17, 1992.
Nicholas Estiverne, New Orleans, for applicant.
Carol L. Haynes, Berrigan, Danielson, Litchfield, Olsen, Schonekas & Mann, New Orleans, for respondent.
HALL, Justice.
In this action for civil penalties by an employee against his former employer resulting from the employee's discharge from employment in alleged retaliation for his assertion of a claim for worker's compensation benefits, the issue before us is whether prescription on plaintiff's claim for retaliatory discharge under LSA-R.S. 23:1361 was interrupted by the filing of a claim with the Office of Worker's Compensation Administration. We hold that under the particular circumstances of this case, prescription of the claim, which was within the exclusive original jurisdiction of the district *366 court at the time the claim was made in 1989, may have been interrupted. We reverse the decision of the court of appeal sustaining an exception of prescription and remand to the district court for taking additional evidence on the prescription issue.

FACTS
Injured during the course and scope of his employment with defendant, Transit Management of Southeast Louisiana, Inc., on October 15, 1985, plaintiff, Daniel Maquar, received worker's compensation benefits for temporary total disability until February 5, 1987, when he returned to work to perform light duty at the same rate of pay he received prior to his injury. Maquar's employment was terminated on March 8, 1988, and he subsequently filed a claim with OWCA on January 25, 1989 for worker's compensation benefits and penalties. OWCA issued a certificate on March 7, 1989, informing the parties that one of the parties had rejected its recommendation on March 3, 1989, and advising that suit had to be filed in district court within 60 days.
Maquar filed suit in district court within the 60-day limitation on March 30, 1989, for temporary total disability benefits, supplemental earning benefits, attorney's fees, and penalties for his alleged retaliatory discharge. Transit filed an exception of prescription to Maquar's claim for disability benefits, and also to his claim for retaliatory discharge on the basis that Maquar had filed suit in district court more than one year from his termination from employment.
The district court awarded Maquar supplemental earning benefits, but dismissed his claims for disability benefits and retaliatory discharge upon sustaining Transit's exception of prescription.
The court of appeal reversed the trial court judgment sustaining the exception of prescription as to the claim for disability benefits, finding that plaintiff had been paid wages in lieu of compensation and that his claim filed with OWCA within one year from the last payment was timely. With respect to Maquar's claim for retaliatory discharge, the judgment sustaining the exception of prescription was affirmed. Maquar v. Transit Management of Southeast Louisiana, 580 So.2d 1128 (La.App. 4th Cir.1991). Relying on this court's per curiam decision in Fontenot v. R. LeJeune Machine Shop & Iron Works, Inc., 534 So.2d 429 (La.1988), the court of appeal concluded it would be inconsistent to hold that prescription could be interrupted on a claim for retaliatory discharge by its being filed with OWCA since, as held in Fontenot, that claim is not a worker's compensation proceeding for purposes of a jury trial. Prescription could only be interrupted by filing that claim in district court, a court of competent jurisdiction. Since Maquar's claim for retaliatory discharge was filed in district court more than one year from Maquar's termination from employment, the court of appeal held it prescribed.
We granted Maquar's application for writ of certiorari to determine the correctness of that decision. 584 So.2d 662 (La. 1991).

ANALYSIS
This case was consolidated with Sampson v. Wendy's Management, Inc., 593 So.2d 336 (La.1991), for purposes of oral argument because both cases involve the issue of the nature of an action for retaliatory or discriminatory discharge under LSA-R.S. 23:1361 and whether jurisdiction of such a claim is vested in the district court or in OWCA. In Sampson, rendered today, we hold that a discriminatory discharge action is not a worker's compensation matter nor a claim for worker's compensation benefits and ancillary penalties, but is a delictual employment law matter, jurisdiction of which is vested in the district court. This decision is consistent with the prior per curiam decision of this court in Fontenot, which held that a discriminatory discharge claim is not a worker's compensation proceeding for which a jury trial is precluded under LSA-C.C.P. Art. 1732.
The Sampson suit was filed in district court after January 1, 1990, the effective date of the 1988 amendments to the Worker's Compensation Law which purported to vest jurisdiction of worker's compensation *367 claims with the OWCA hearing officers, which amendments were purportedly ratified by the 1990 amendment to LSA-Const. Art. V, § 16. The instant claim was filed in OWCA and then in district court in early 1989, prior to the effective date of the 1988 amendments, at which time worker's compensation claims were required to be initially filed with the administrative agency for informal dispute resolution, although jurisdiction of claims not resolved administratively remained in the district courts.
Nevertheless, the determination in Sampson that a retaliatory discharge action is a delictual employment law matter, not a worker's compensation matter or claim, and that jurisdiction of such a claim is vested in the district court, not in OWCA, is equally applicable in this case.
As a delictual action, an action for retaliatory discharge under LSA-R.S. 23:1361 is governed by the one-year prescription of LSA-C.C. Art. 3492, and prescribes one year from the date of discharge. See Lynn v. Berg Mechanical, Inc., 582 So.2d 902 (La.App.2d Cir.1991); and Arvie v. Century Tel. Enterprises, Inc., 452 So.2d 392 (La.App. 3rd Cir.1984).
Maquar was discharged on March 8, 1988, and suit was filed on this claim in district court on March 30, 1989, more than one year from the date of Maquar's discharge. Consequently, this action has prescribed unless the one-year prescriptive period was interrupted or extended by the filing of the claim with OWCA on January 25, 1989.
LSA-C.C. Art. 3462 provides that prescription of an action is interrupted when the obligee commences action against the obligor in a court of competent jurisdiction and venue. If an action is commenced in an incompetent court, or an improper venue, prescription is interrupted only as to a defendant served with process within the prescriptive period.
Plaintiff's worker's compensation claim was filed with OWCA within one year after his discharge from employment. The record does not disclose whether the claim for discriminatory discharge was included in the claim filed with OWCA, but for purposes of this opinion we assume that it may have been included and that the employer received notice of the claim within the one-year period.
Under LSA-R.S. 23:1209 and 23:1311, filing the worker's compensation claim with OWCA within one year from the last payment of wages in lieu of compensation, which coincidentally was the date of discharge, had the effect of extending the prescriptive period for the worker's compensation claim to 60 days after receipt of notice of rejection of the director's recommendation since the 60-day time period extended beyond the one-year prescriptive period. Jones v. Hartford Ins. Co., 560 So.2d 442 (La.1990), quoting with approval Browning v. Winnfield Veneer Co., 554 So.2d 210 (La.App. 2d Cir.1989), writ denied, 564 So.2d 314 (1990). But filing a claim with OWCA did not interrupt prescription in the traditional sense of the Civil Code articles by having the effect of starting the one-year period anew. Jones, supra. Plaintiff's suit for worker's compensation benefits, filed within the 60-day period, was timely under the prescriptive period applicable to claims for worker's compensation benefits.
The issue here, however, is whether, under LSA-C.C. Art. 3462, the filing of the claim with OWCA interrupted prescription on the delictual action for retaliatory discharge penalties. Clearly, OWCA was not a court, either competent or incompetent. At the time this claim was filed in 1989, OWCA had no binding adjudicatory powers. See Jones v. Hartford Ins. Co., supra, and Turner v. Maryland Cas. Co., 518 So.2d 1011 (La.1988). Compare Totty v. Dravo Corp., 413 So.2d 684 (La.App. 3d Cir.1982), where the court likened the Illinois Industrial Commission, which had adjudicatory powers much like OWCA after the 1988 amendments and 1990 constitutional amendment, to a court for purposes of interruption of prescription. Thus, it cannot be said that an action was commenced in a court or the equivalent of a court so as to interrupt prescription on the *368 retaliatory discharge action under LSA-C.C. Art. 3462.
Although not briefed or argued by the parties, we have considered the applicability of our recent decision in Parker v. Southern American Ins. Co., 590 So.2d 55 (La.1991), rendered the same week the instant case was argued and which is now final. In Parker, we held that prescription on a tort action by an employee against an employer was interrupted by the filing of a prior worker's compensation action since both actions were based on the same occurrence, the accidental injury and corresponding monetary liability of the employer, and the employer had notice of the factual elements of the action. Parker is not directly applicable here because plaintiff's worker's compensation claim and his retaliatory discharge claim are not based on the same occurrence. The worker's compensation claim is based on his work-related injury, whereas the retaliatory discharge claim is based on the alleged discriminatory termination of his employment, separate events entirely. Also, in Parker, the prior worker's compensation suit was commenced in a court of competent jurisdiction.
Nevertheless, under the narrow and particular facts of the instant case, assuming that the claim filed with OWCA included a claim for retaliatory discharge and that the employer received notice of this claim, the purposes of the laws of prescription and the interruption thereof have been served. Liberative prescriptive statutes, intended to protect defendants from prejudice in preparing and conducting defenses, are to be strictly construed. Parker, supra. Here, based on the foregoing assumptions, the claim was formally filed in an official forum in accordance with a statutory procedure and the defendant employer was given notice of the claim within the one-year prescriptive period. An action was commenced in court only a few days after the one-year period and within the time period provided for worker's compensation actions.
With the possible exception of the brief per curiam opinion in Fontenot and until the decision in Sampson rendered today, there was little or no jurisprudence clarifying the nature of a discriminatory discharge action, the statutory basis of which does appear within the Worker's Compensation Law. Plaintiff was not unreasonable or tardy in pursuing the claim in accordance with the statutory worker's compensation procedures. Thus, we conclude that the running of prescription against the retaliatory discharge claim was tolled and the action was timely, if, as assumed for the purpose of analysis, the claim filed with OWCA adequately gave notice of a factual basis for a claim arising out of the employer's discharge of plaintiff from employment. The case will be remanded to the trial court for the taking of further evidence on the claim filed with the OWCA and a reconsideration of the exception of prescription in accordance with the views expressed in this opinion.

DECREE
For the reasons assigned, the judgments of the district court and court of appeal sustaining the exception of prescription and dismissing plaintiff's action for discriminatory discharge are reversed, and the case is remanded to the district court for further proceedings.
Reversed and remanded.
COLE, J., respectfully dissents.