WARD, Judge.
This appeal arises out of a medical malpractice suit filed on May 23, 1990, by the Plaintiff-Appellant, Catherine Pitre, individually and on behalf of her minor child, Keith Pitre. Mrs. Pitre sued Dr. Vithanas Tangpricha and his insurer, United Medical Center (hereinafter “UMC”), and its insurer and various fictitious defendants. UMC answered her suit and filed a peremptory exception of prescription. The trial court sustained the exception and Mrs. Pitre has appealed. Her suit against Dr. Vithanas Tangpricha and his insurer is still pending in the trial court.
We affirm the trial court’s ruling. Mrs. Pitre’s claim is barred by La.R.S. 9:5628 A, which limits the time for filing medical malpractice claims.
Mrs. Pitre’s petition alleges:
On or about May 15, 1986, plaintiff, Catherine Pitre, took her minor child, Keith Pitre, to United Medical Center, New Orleans, on an emergency with high fever. Dr. Mendy and Dr. V. Tang Pri-cha [sic] diagnosed the child’s condition as pneumonia and prescribed an IV Push be administered in the left hand of infant, Keith Pitre.
[[Image here]]
On May 17, 1986 Keith Pitre was removed from United Medical Center, New Orleans, after his right hand became infected and he began suffering severe and excruciating pain in his right hand as a result of the negligently injected IV. Said negligent injection has caused permanent disabling nerve damage to Keith Pitre’s right hand and will require extensive and expensive surgery.
*1101 During oral argument, counsel emphasized Mrs. Pitre removed Keith to Charity Hospital because she was dissatisfied with Keith’s treatment at UMC.
More than one year later, on May 19, 1987 Mrs. Pitre mailed a complaint of medical malpractice to the Commissioner of Insurance charging that Dr. Vithanas Tang-pricha and UMC committed medical malpractice. It was not received in the office of the Commissioner of Insurance until May 21, 1987. On that same day, the Commissioner of Insurance notified Mrs. Pitre by certified mail dated May 21, 1987, that Dr. Tangpricha was entitled to the benefits of La.R.S. 40:1299.41, but that UMC was not a qualified health care provider as defined in La.R.S. 40:1299.41. Mrs. Pitre filed this lawsuit on May 23, 1990, alleging those facts set out above.
La.R.S. 9:5628 A sets time limits for filing suit for claims of medical malpractice.
It has been amended several times but those amendments are not important for this case. The only question is whether La.R.S. 40:1299.41 G and 40:1299.47(A)(2)(a) suspend the time limitations of R.S. 9:5628 A which provides:
Actions for medical malpractice
A. No action for damages for injury or death against any physician, chiropractor, dentist, psychologist, hospital duly licensed under the laws of this state, or community blood center or tissue bank as defined in R.S. 40:1299.41(A), whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought unless filed within one year from the date of the alleged act, omission, or neglect, or within one year from the date of discovery of the alleged act, omission, or neglect; however, even as to claims filed within one year from the date of such discovery, in all events such claims shall be filed at the latest within a period of three years from the date of the alleged act, omission, or neglect.
Mrs. Pitre argues that La.R.S. 40:1299.41 G and 40:1299.47(A)(2)(a) as amended are applicable, and prevent operation of R.S. 9:5628 A.
40:1299.41 G as amended by Act 661 Section 1 of the 1991 legislature states:
“Notwithstanding the provisions of Subsection D, the running of prescription against a health care provider who is answerable in solido with a qualified health care provider against whom a claim has been filed for review under this Part shall be suspended in accordance with the provisions of R.S. 40:1299.-47(A)(2)(a).”
Act 661 of 1991 also amended 40:1299.-47(A)(2)(a) • to provide:
“The filing of a request for review of a claim shall suspend the running of prescription against all solidary obligors, including but not limited to health care providers, both qualified and not qualified, to the same extent that prescription is suspended against the party or parties that are the subject of the request for review.”
Mrs. Pitre contends that her suit, which was filed May 23, 1990, is timely filed because she made a timely claim with the Commissioner against a qualified health care provider (Dr. Tangpricha), and this interrupted prescription against the non-qualified provider (UMC) until 90 days after the medical review panel issued its opinion.
We disagree. Both La.R.S. 40:1299.41 G and La.R.S. 40:1299.47(A)(2)(a) refer to a suspension of the time limitations of La. R.S. 9:5628. Once time has run its course there is nothing to suspend. That means a suit for malpractice is barred if filed more than one year after the “discovery of the alleged act, omission or neglect”, unless within one year a claim is filed with the Commissioner of Insurance. In this case, Mrs. Pitre’s petition shows that more than one year had passed before she filed a claim with the Commissioner. She removed her son from UMC on May 18, 1984, and she did so because she was unhappy with the condition of her son’s hand and arm and his treatment. She knew of the alleged act and she knew of the injury at the latest on May 18, 1986. Her claim filed with the Commissioner was not filed until May 19, 1987, at the earliest, and at that *1102 time prescription had run by virtue of La. R.S. 9:5628 and there was no time remaining to suspend.
Although Graham v. St. Charles General Hospital, 590 So.2d 818 (La.App. 4th Cir.1991) decided that the amendments to La.R.S. 40:1299.41 G and 40:1299.47(A)(2) are retroactive to suspend prescription against a non-qualified health care provider, we need not reach that issue because Mrs. Pitre’s claim was not filed within one year after the alleged malpractice. Nor do we have to decide if the claim-mailed on May 19 but received on May 21 was “filed” on either the 19th or the 21st. In either case the claim was too late to suspend the time limitations of La.R.S. 9:5628.
AFFIRMED.