JiCIACCIO, Judge.
Plaintiff, Anita Roek-Faucheux, appeals from a trial court judgment in favor of defendant, the City of New Orleans, maintaining its exception of prescription and dismissing plaintiffs worker’s compensation claim.
Plaintiff was employed as a police officer with the New Orleans Police Department when she was injured while in the course and scope of her employment on March 8, 1983. The City voluntarily paid her worker’s compensation disability benefits from March 1983, until November 30,1991, when it terminated the benefits pursuant to LSA-R.S. 23:1221(3). The City continues to pay plaintiffs medical expenses related to her injury.
On November 2,1992, plaintiff filed a claim with the Office of Workers’ Compensation (OWC), seeking additional benefits. On November 16, 1992, the OWC sent a letter to plaintiffs counsel stating:
“Take notice: This is to inform you of receipt of your Claim Form WC-1008/Petition and that citations have been mailed by certified mail to the other parties on 11/16/92.”
On November 18, 1992, the OWC mailed a letter titled “Notice of Conference” advising the parties that a mediation conference would be held on December 1,1992.
The City filed an exception of lack of subject matter jurisdiction arguing that the OWC did not have jurisdiction over this matter because plaintiff was injured prior to July 1, 1983. The hearing officer dismissed plaintiffs claim, citing Acts 1989, No. 260, Sec. 1, which provides that all matters involving ^accidents occurring before July 1, 1983, shall be treated as any other civil matter, i.e., handled in the district court. Plaintiff appealed, seeking review of the hearing officer’s decision. On September 15, 1995, in proceeding No. 94-CA-2613, we reversed the decision of the hearing officer and held that the OWC had jurisdiction over the claim. The City then sought a writ of certiorari from the Supreme Court. The Supreme Court, in a per curiam opinion rendered on January 12, 1996, held that we erred in reversing the hearing officer’s granting of the exception of lack of subject matter jurisdiction.
In the meantime and prior to the dismissal of plaintiffs claim by the OWC, plaintiff filed suit in Civil District for the Parish of Orleans on June 25, 1993, seeking reinstatement of her worker’s compensation benefits. The City filed an exception of prescription, arguing that plaintiffs claim filed with the OWC was filed in a court of incompetent jurisdiction and was not served within one (1) year of the termination of indemnity benefits, and therefore was prescribed. After the trial court denied the exception, the City applied for a writ to our court seeking review of the judgment, which we denied.
*259 In April 1995, the City reargued its exception of prescription. On August 31,1995, the trial court rendered judgment granting the City’s exception of prescription and dismissed plaintiffs claim. In maintaining the City’s exception of prescription, the trial judge relied on LSA-R.S. 23:1209, as it existed at the time of the accident,[1] and found that because plaintiffs petition |8was filed in the district court on June 25,1993, more than a year after plaintiffs last worker’s compensation disability payment, her claim had prescribed on the face of the petition. Relying on LSA-C. C. art. 3462,[2] the trial judge also found that because the Supreme Court had previously ruled in this ease that the OWC was not a court competent jurisdiction for subject matter purposes, plaintiff had failed to prove that the filing of her claim with the OWC had interrupted prescription where service was not made on the City until December 7, 1992, more than one year after prescription had begun to run.
On appeal, plaintiff argues that the trial court’s maintaining the City’s exception of prescription in this ease is grossly inequitable and contrary to the liberal interpretation usually afforded the workers’ compensation law by the courts of this state. Plaintiff emphasizes that her claim was filed in the OWC more than four weeks before the prescriptive period had run and that, but for the Supreme Court’s holding that the OWC was not a competent court for subject matter jurisdictional purposes under Act No. 260 of 1989 in this particular instance, her claim would not have prescribed. She also argues that where the City had paid her worker’s compensation disability benefits for eight years, continues to pay her medical expenses related to her injuries and was |4well aware that she had filed a claim for additional benefits before it made the final payment on December 2, 1991, the purposes of the laws of prescription and the interruption thereof had been served and therefore the exception of prescription should have been denied.
In support of her argument, plaintiff relies on the ease of Maquar v. Transit Management of Southeast Louisiana, Inc., 593 So.2d 365 (La.1992). In Maquar, the plaintiff was injured in the course and scope of his employment in October 1985. He received worker’s compensation benefits for temporary total disability until February 1987, when he returned to work. Plaintiffs employer terminated him on March 8,1988, and he subsequently filed a claim with the OWCA on January 25, 1989, for worker’s compensation benefits and penalties. On March 7, 1989, OWCA issued a certificate informing the parties that one of the parties had rejected its recommendation on March 3,1989, and advising that suit had to be filed within 60 days.
Marquar filed suit in district court within the 60-day limitation on March 30, 1989, for temporary total disability benefits, supplemental earnings benefits, attorney’s fees and penalties for his alleged retaliatory discharge. The employer filed an exception of prescription to plaintiffs claim for disability benefits, and also to his claim for retaliatory discharge on the basis that Marquar had filed suit in the district court more than one year from his termination from employment.
The district court sustained the exception of prescription and dismissed Marquar’s claims for disability benefits and retaliatory discharge penalties. On appeal, we affirmed the judgment sustaining the exception of prescription as to the retaliatory discharge *260 claim, finding that prescription could not be interrupted on a claim for retaliatory discharge by its being filed with OWCA since that | sclaim was not a worker’s compensation proceeding for purposes of a jury trial and prescription could only be interrupted by filing that claim in the district court, a court of competent jurisdiction. Marquar appealed for certiorari to the Supreme Court.
*259 Prescription is interrupted when the owner commences action against the possessor, or when the obligee commences action against the obligor, in a court of competent jurisdiction and venue. If an action is commenced in an incompetent court, or in an improper venue, prescription is interrupted only as to a defendant served by process within the prescriptive period.
*260 The Supreme Court considered whether, under LSA-C.C. art. 3462, the filing of the claim with OWCA interrupted prescription on the delictual action for retaliatory discharge penalties. The Court found that clearly OWCA was not a court, either competent or incompetent, and that at the time the claim was filed in 1989, OWCA had no binding adjudicatory powers. It concluded that the action was not commenced in a court or the equivalent of a court so as to interrupt prescription on the discharge action under LSA-C.C. art. 3462. The Court stated:
“Nevertheless, under the narrow and particular facts of the instant case, assuming that the claim filed with OWCA included a claim for retaliatory discharge and that the employer received notice of this claim, the purposes of the laws of prescription and the interruption thereof have been served. Liberative prescriptive statutes, intended to protect defendants from prejudice in preparing and conducting defenses, are to be strictly construed. Parker [v. Southern American Insurance Co.] supra [590 So.2d 55 (La.1991)]. Here, based on the foregoing assumptions, the claim was formally filed in an official forum in accordance with a statutory procedure and the defendant employer was given notice of the claim within the one-year prescriptive period. An action was commenced in court only a few days after the one-year period and within the time period provided for worker’s compensation actions.
... Thus, we conclude that the running of prescription against the retaliatory discharge claim was tolled and the action was timely, if, as assumed for the purpose of analysis, the claim filed with OWCA adequately gave notice of a factual basis for a claim arising out of the employer’s discharge of plaintiff from employment.”
593 So.2d at 368.
I t;The evidence in the record before us indicates that plaintiff filed her claim with the OWC on November 2, 1992, four (4) full weeks before the prescriptive period had run. On November 16, 1992, two (2) weeks before the prescriptive period had run, the OWC sent plaintiffs counsel a letter stating that it had received plaintiffs claim form and petition, and that notification citations were sent by certified mail to the other parties on November 16, 1992. The OWC also sent a letter to the parties on November 18, 1992, advising them that a mediation conference would be held on December 1, 1992. In addition, in answering plaintiffs petition, the City acknowledged that it had paid plaintiff $91,910.49 in disability benefits and $66, 962.23 in medical expenses since March 1983 and that it continues to pay medical expenses.
Although the City emphasizes and the trial court found that service was not effected until December 7, 1992, more than one year after the last payment was made to plaintiff on December 2,1991, a finding we cannot say is clearly wrong, we find that plaintiffs counsel was justified in relying on the November 16, 1992, letter that he received from the OWC informing him that plaintiffs claim and petition had been received and that citation was sent by certified mailed to the City on that date. In view of this official notification, we find that plaintiffs counsel was not required to take any additional action to insure that service was in fact made.
In light of the Supreme Court’s holding in Maquar, supra, given the facts of this case, we find that the purposes of the laws of prescription and the interruption thereof have been served. Furthermore, considering the City’s familiarity with plaintiffs claim and the procedural history of this case, we cannot say that a denial of the exception of prescription would unfairly prejudice the City in preparing and conducting its defenses to plaintiffs claim. [7For these reasons, we find that the trial court erred in sustaining the City’s exception of prescription.
*261 Accordingly, for the above reasons, the judgment of the trial court in favor of the City of New Orleans sustaining its exception of prescription and dismissing plaintiffs claim is reversed. The matter is remanded to the trial court for further proceedings.

REVERSED AND REMANDED.

. LSA-R.S. 23:1209, as it existed at the time of the accident, provided in part:
In case of personal injury (including death resulting therefrom) all claims shall be forever barred unless within one year after the accident or death the parties have agreed upon the payment to be made under this chapter or unless within one year after the accident proceedings have begun as provided in Parts 3 and 4 of this Chapter. Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making of the last payment.

. LSA-C. C. art. 3462 provides: