IxKNOLL, Judge.
Lesley Kately filed a petition seeking damages from Martin Mills, Inc., his former employer, for wrongful discharge. The trial court granted Martin Mills’ exception of prescription. Plaintiff appeals. We affirm.
FACTS
Kately is a former employee of Martin Mills. On October 28, 1991, while he was an employee of Martin Mills, a job-related accident occurred. According to Martin Mills, Kately returned to work on November 13, 1991. On the following day, Kately was informed that he was terminated for violating company policy regarding sexual harassment of co-employees.
On December 18, 1991, Kately filed a petition, with the Office of Employment Security (O.E.S.), claiming unemployment benefits. On February 26, 1992, the administrative law *513 judge affirmed Kately’s disqualification for unemployment benefits. On May 27, 1992, the O.E.S. Board of Review affirmed Kately’s | ¿disqualification.
On May 27, 1992, Kately filed a claim with the Office of Worker’s Compensation (O.W.C.); included in the claim is a statement that Kately was fired because of his injury. The hearing officer denied Kately’s claim on September 7,1993. The Third Circuit affirmed the order of the hearing officer on July 13,1994.
On May 3, 1995, Kately filed a petition in district court for wrongful termination. Martin Mills filed an exception of prescription, alleging that plaintiffs claim for retaliatory discharge was untimely because the action, filed May 3, 1995, was more than one year from the date of the alleged wrongful discharge, November 14,1991.
By judgment dated February 7, 1996, the trial court sustained defendant’s exception of prescription.
PRESCRIPTION
Plaintiff contends that the trial court erred in finding that his wrongful discharge claim had prescribed.
La.R.S. 23:1361 provides the statutory basis for a cause of action for retaliatory discharge. As a delictual action, a claim for wrongful termination is subject to a one year prescriptive period from the date of discharge. La.Civ.Code. art. 3492; Maquar v. Transit Management of Southeast Louisiana, Inc., 593 So.2d 365 (La.1992); Lynn v. Berg Mechanical, Inc., 582 So.2d 902 (La.App. 2 Cir.1991). On the face of the petition, Kately’s action has prescribed because it was not filed until May 3, 1995, more than three and one half year's after the alleged wrongful termination. Thus, plaintiff had the burden of proving an interruption or suspension of the prescriptive period.
La.Civ.Code art. 3462 provides that prescription is interrupted when suit is filed in a court of competent jurisdiction and venue. In the alternative, if an action is filed |gin an incompetent court or improper venue, prescription is interrupted when notice is served on the defendant within the prescriptive period.
In Maquar, 593 So.2d 365, the plaintiff was terminated on March 8, 1988. His claim for wrongful discharge was filed in the district court on March 30, 1989, more than one year after his termination. Previously, the plaintiff had filed a workers’ compensation claim with the O.W.C. within one year' of his discharge and the defendant-employer received notice of the plaintiffs claim within the one year prescriptive period applicable to his wrongful discharge claim. For purposes of its opinion, because the record did not disclose whether the plaintiffs claim for wrongful termination was included in his O.W.C. claim, the supreme court assumed that the wrongful discharge claim was included. Under the narrow and particular facts of the case, the supreme court found that prescription on plaintiffs wrongful discharge claim had been interrupted by the notification to the defendant of the claim within the one year prescriptive period even though filed in a court without subject matter jurisdiction.
In the case sub judice, plaintiff was discharged from his employment on November Í4, 1991, and his petition was filed with, the O.W.C. within the applicable prescriptive period. Nonetheless, the O.W.C. lacked jurisdiction over this claim. Since 'Kately’s claim was prescribed on the face of the petition, the burden of proof was upon him to show that under La.Civ.Code. art. 3462, his claim was interrupted. After carefully reviewing the record, we find that the trial court properly determined that Kately presented no evidence that the O.W.C. claim was served upon Martin Mills within the applicable prescriptive period. Accordingly, we find that the trial court did not err in sustaining defendant’s exception of prescription.
Moreover, we find that the trial court was eminently correct in limiting the ^holding of Maquar to the facts presented therein. In Maquar, the supreme court noted that there was confusion on the proper forum for litigating the question of retaliatory discharge; thus, it found that Maquar’s petition filed in district court only days after the expiration of the prescriptive period was suspended by the filing in O.W.C.' Unlike Maquar, in the *514 present case Kately did not file his suit for retaliatory discharge, until two and one half years after the expiration of the one year prescriptive period.
DECREE
For the foregoing reasons, the judgment of the trial court is affirmed. Costs are assessed to Lesley Kately.
AFFIRMED.