689 So.2d 529 (1997)
Patricia TULLIER, et ux., Plaintiff-Appellant,
v.
ST. FRANCES CABRINI HOSPITAL, Defendant-Appellee.
No. 96-738.
Court of Appeal of Louisiana, Third Circuit.
February 5, 1997.
Rehearing Denied April 8, 1997.
Richard Eric Starling, Jr., for plaintiff-appellant Patricia Tullier, et ux.
David Richard Sobel, Alexandria, for defendant-appellee St. Frances Cabrini Hosp.
Before WOODARD, SULLIVAN and GREMILLION, JJ.
SULLIVAN, Judge.
Joseph and Patricia Tullier appeal the dismissal of their medical malpractice claim against St. Frances Cabrini Hospital (Cabrini) on an exception of prescription. For the following reasons, we affirm.

FACTS
On January 21, 1991, Patricia Tullier was admitted to Cabrini, where, the next day, she underwent surgery to repair a fracture of her left femur. She alleges that on January 30, 1991, employees of Cabrini re-injured her leg when they dropped her or caused her to fall. This accident resulted in a second surgery on February 12, 1991.
The Tulliers filed suit against Cabrini in district court for the Parish of Rapides on January 24, 1992. They also mailed a request for a medical review panel to the Commissioner of Insurance, which request was received by that agency on January 28, 1992. However, all parties agree that the Commissioner of Insurance no longer had the authority to review the Tulliers' claim. Rather, the Tulliers should have filed their request with the Patients' Compensation Fund Oversight Board (PCF), pursuant to *530 La.R.S. 40:1299.47, as amended by Acts 1990, No. 967, § 2.
The office of the Commissioner of Insurance returned the Tulliers' request to their attorney, marking on the envelope "Return to Sender" and "Not for Dept. of Insurance." The returned package also contained the following handwritten notation:
Dear Sirs
Please be advised that all complaints of medical malpractice are not handled by the Commissioner of Ins. They are to be directed to:
 PCF Oversight Board
 P.O. Box 4304
 Baton Rouge, LA 70821
 ATTN: Cheryl Jackson
In the meantime, Cabrini filed an exception of prematurity in the district court proceedings on February 25, 1992. The trial court granted the exception and signed a judgment dismissing the Tulliers' suit without prejudice on March 10, 1992. The Tulliers took no further action until they filed a claim with the PCF on March 28, 1995. Cabrini then filed an exception of prescription in district court, which exception was granted on January 12, 1996. On January 23, 1996, the trial court signed a judgment dismissing the Tulliers' suit with prejudice.
On appeal, the Tulliers contend the judgment of the trial court should be reversed because (1) the "filing" with the Commissioner of Insurance also "interrupted" prescription, (2) Cabrini received notice of the claim within one year of the alleged negligence, and (3) Cabrini was not "unduly prejudiced" by the three-year delay between the dismissal of their district court suit and the filing with the PCF.

ANALYSIS
"Generally, the burden of proving that a suit has prescribed rests with the party pleading prescription. However, when the plaintiff's petition shows on its face that the prescriptive period has run, and the plaintiff relies upon a suspension or interruption of prescription, the burden is on the plaintiff to prove the suspension or interruption." Burdeaux v. Cline, 626 So.2d 1205, 1207 (La.App. 2 Cir.1993), writ denied, 93-3132 (La.2/11/94), 634 So.2d 833 (citations omitted).
The prescriptive period for medical malpractice actions is found in La.R.S. 9:5628. That statute requires the plaintiff to bring a medical malpractice action within one year of the alleged malpractice or within one year of the discovery thereof, but in all events no later than three years from the date the alleged malpractice occurred.
Additionally, when proceeding against a private, qualified health care provider, such as Cabrini, the plaintiff must comply with La.R.S. 40:1299.41, et seq. The filing of a claim for review by a medical review panel suspends the time within which suit must be filed until ninety days after notification of the issuance of the medical review panel's opinion, or until sixty days after notification that the health care provider is not covered by the private medical malpractice act. La.R.S. 40:1299.47(A)(2)(a). However, "[o]nce time has run its course there is nothing to suspend." Pitre v. Mendy, 615 So.2d 1100, 1101 (La.App. 4 Cir.1993).
The Tulliers' claim is based upon the alleged negligence of Cabrini employees on January 30, 1991. Their request for a medical review panel was not filed with the proper agency, the PCF, until March 28, 1995. Because more than one year elapsed between the date of the alleged negligence and the date of filing, the Tulliers' bear the burden of proving an interruption or suspension of prescription during this four-year period.
The Tulliers initially filed suit in district court on January 24, 1992, within one year of the alleged malpractice. That suit, however, was dismissed as premature on March 10, 1992. Although the suit did interrupt prescription, the interruption continued only while the suit was pending. La.Civ. Code arts. 3462 and 3463. Prescription began to run anew from the date of the suit's dismissal. La.Civ.Code art. 3466; Garrity v. Cazayoux, 430 So.2d 1138 (La.App. 1 Cir. 1983). Thus, the Tulliers had one year, or until March 10, 1993, to refile their claim. They did not meet this deadline.
Nonetheless, relying on Maquar v. Transit Management of Southeast Louisiana, *531 Inc., 593 So.2d 365 (La.1992), the Tulliers argue that the January 28, 1992 "filing" with the Commissioner of Insurance, an admittedly improper forum, also "interrupted" prescription as to Cabrini. We disagree. First, we note that prescription had already been interrupted by the filing of suit in district court. Second, we find it questionable that anything was "filed" with the Commissioner of Insurance, as that agency returned the Tulliers' pleadings to their attorney with instructions as to filing in the proper forum. Finally, we find that the "particular circumstances" that persuaded the supreme court in Maquar, 593 So.2d at 365, to rule in that plaintiff's favor are not present here.
In Maquar, the plaintiff filed claims for workers' compensation benefits and for retaliatory discharge in the Office of the Workers' Compensation Administration (OWCA). At that time, the jurisprudence had not clarified whether a claim for retaliatory discharge was in compensation or in tort. When one party rejected OWCA's recommendation, the plaintiff refiled in district court within the sixty days allotted by the compensation act but beyond the one year prescriptive period for delictual actions. The supreme court ultimately concluded that a retaliatory discharge claim was a delictual matter that should have been filed in district court. Hence, the plaintiff's filing in OWCA, which had no binding, adjudicatory power at that time, did not interrupt prescription as to that claim. Nonetheless, the court denied the defendant's exception, finding under the "narrow and particular facts" that "the purposes of the laws of prescription and the interruption thereof have been served." Id. at 368. Those facts included that (1) the claim was filed in accordance with statutory procedure, (2) the jurisprudence was unclear as to the nature of the claim, and (3) the plaintiff was not "unreasonable or tardy" in following statutory procedures. Id.
The decision in Maquar is consistent with the supreme court's reversal of our opinion in Savoy v. University Medical Center, 95-1496 (La.App. 3 Cir. 7/10/96), 676 So.2d 882, reversed, 96-2074 (La.11/15/96), 682 So.2d 747. The plaintiff in Savoy alleged the malpractice of a state health care provider, as defined in the "public" malpractice act, La.R.S. 40:1299.39, et seq. However, instead of filing her claim with the Division of Administration, as required by that act, she filed with the PCF, the agency that reviews claims against qualified providers under the "private" act, La.R.S. 40:1299.41, et seq. Upon notification that the state provider was not qualified under the private act, the plaintiff refiled with the Division of Administration within the period of suspension authorized by La.R.S. 40:1299.47(A)(2)(a) but beyond the date her claim would have prescribed had she taken no action. The supreme court agreed with the plaintiff that her claim had not prescribed.
The plaintiffs in Maquar and Savoy filed their claims in official forums in accordance with statutory procedures, and they acted without undue delay to preserve their claims. We cannot reach the same conclusions in the instant case. To prosecute their malpractice claim, the Tulliers unquestionably had to follow La.R.S. 40:1299.41, et seq. However, they filed their claim in an agency that no longer had the statutory authority to process the claim, and they failed to correct their mistake when it was brought to their attention while their claim was still viable. In pleadings, the Tulliers acknowledged that their attorney received the return package from the Commissioner of Insurance, with instructions as to proper filing, "shortly" after the initial mailing. The Tulliers' attorney also received notice that the civil suit had been dismissed as premature. Yet, they waited three years to file their claim with the correct administrative agency. Under these circumstances, we find that the filing with the Commissioner of Insurance had no effect on the running of prescription.
The Tulliers' also argue that the judgment of the trial court should be reversed because Cabrini received notice of the claim within one year of the alleged malpractice and because Cabrini was not prejudiced by the three-year delay between the dismissal of the civil suit and the filing with the PCF. The cases cited by the Tulliers for this argument generally involve the addition of other claims or defendants while the initial action is still pending. Those cases are inapplicable because *532 the Tulliers' suit in district court had been dismissed as premature and the Tulliers took no action to toll prescription once it commenced to run anew upon that dismissal.

DECREE
For the above reasons, the judgment of the trial court is affirmed at appellants' cost.
AFFIRMED.