## UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

_____

### No. 97-30037
### Summary Calendar
_____

PATRICIA MUGGIVAN; JOHN MUGGIVAN,

Plaintiffs-Appellants,

versus

CLYDE MCLEOD, ET AL.,

Defendants,

CLYDE MCLEOD; JEFFERSON PARISH SCHOOL BOARD,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 95-CV-3849
_____

November 28, 1997

Before JONES, SMITH and STEWART, Circuit Judges.

PER CURIAM:[1]

Patricia and John Muggivan appeal the district court's grant of summary judgment in favor of the defendants in a civil rights action alleging that Patricia Muggivan was terminated from her employment, as a tenured special education teacher, in violation of their constitutional rights. The Muggivans argue that their claims are not time-barred and that they are not governed by res judicata.

---

[1]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

The Muggivans have abandoned her claims against the judicial defendants, the State of Louisiana, Clyde McLeod, and Jefferson Parish by failing to raise and brief arguments challenging their dismissal by the district court. See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987). The Muggivans have also abandoned their claims under the Individuals with Disabilities Act, 20 U.S.C. § 1400 et seq.

As to the remaining claims, the Muggivans argue they are not time-barred because Patricia Muggivan's prior state court suit interrupted prescription. See Parker v. Southern Am. Ins. Co., 590 So.2d 55, 56 (La. 1991). First, John Muggivan was not a party to the state-court proceeding; therefore, his claims are barred by prescription. Second, even if Patricia Muggivan's claims are not barred by prescription because of the prior state court suit, we have reviewed the briefs and the record and conclude that the district court did not err in granting summary judgment in favor of the defendants. Patricia Muggivan has not raised a legitimate federal challenge to her termination. Further, even if she had alleged a constitutional violation, this court accords full faith and credit to the state court's judgment. See Allen v. McCurry, 449 U.S. 90, 95-96, 101 S.Ct. 411, 415-16 (1980). For these reasons, the judgment of the district court is AFFIRMED.

**AFFIRMED.**