STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

19-871

ROBERT LAGNEAUX

VERSUS

GALLOWAY JEFCOAT, LLP, ET AL.

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 2018-5492-A
HONORABLE JOHN  DAMIAN TRAHAN, DISTRICT JUDGE

**********

ULYSSES GENE THIBODEAUX
CHIEF JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, John E. Conery, and Van H. Kyzar, Judges.

AFFIRMED.

James H. Gibson
Michael O. Adley
Gibson Law Partners, LLC
P. O. Box 52124
Lafayette, LA 70505
Telephone:  (337) 761-6023
COUNSEL FOR:
    Defendants/Appellees – Robert Mark Martina and Galloway Jefcoat, LLP

Pride J. Doran
Quincy L. Cawthorne
Dwazendra J. Smith
Doran & Cawthorne, P.L.L.C.
P. O. Box 2119
Opelousas, LA 70571
Telephone:  (337) 948-8008
COUNSEL FOR:
    Plaintiff/Appellant – Robert Lagneaux

**Orelia R. Lawdins**
**221 East Academy Avenue – Suite B**
**Jennings, LA 70546**
**Telephone:  (337) 275-5124**
**COUNSEL FOR:**
    **Plaintiff/Appellant – Robert Lagneaux**

**THIBODEAUX, Chief Judge.**

Plaintiff, Robert Lagneaux, appeals the trial court's judgment granting a motion for summary judgment filed by defendants, Robert Martina and Galloway Jefcoat, LLP (Galloway) in this legal malpractice case. After a hearing on the motion, the trial court determined that the action was perempted and dismissed the claims with prejudice. For the following reasons, we affirm the judgment of the trial court.

## I.

## ISSUES

We must decide whether the trial court erred in granting Galloway and Mr. Martina's motion for summary judgment based on peremption.

## II.

## FACTS AND PROCEDURAL HISTORY

Mr. Lagneaux was allegedly injured while working for Lafayette Consolidated Government (LCG) and was later terminated. He retained Robert Martina, an attorney at the firm of Galloway, to represent him for his workers' compensation and retaliatory discharge claims. On October 12, 2012, Mr. Martina filed a petition on behalf of Mr. Lagneaux for damages for retaliatory discharge in the suit entitled *Robert Lagneaux v. Lafayette Consolidated Government*, Docket No. 2012-5559 Div. I, 15th Judicial District Court, Lafayette Parish, Louisiana. LCG responded by filing an exception of prematurity on December 12, 2012, based on Mr. Lagneaux's failure to exhaust his administrative remedies by requesting a hearing with the civil service commission prior to filing his petition for damages. The trial court granted the exception and the action was dismissed without prejudice on February 1, 2013. No further action was taken in the matter after dismissal.

On September 1, 2017, LCG filed an ex parte motion to dismiss on the grounds of abandonment. LCG claimed that no formal step in the prosecution had been made since February 1, 2013, the date the suit was dismissed. The trial court granted the motion and signed an order of dismissal on September 6, 2017.

On September 5, 2018, Mr. Lagneaux filed suit against Mr. Martina and Galloway alleging legal malpractice for allowing his suit to be dismissed as abandoned. Mr. Martina and Galloway filed a peremptory exception of no cause of action on November 1, 2018, which was denied on February 19, 2019. Mr. Lagneaux then filed an amended petition on March 26, 2019, further alleging that Mr. Martina committed malpractice for various failures to act and to further his retaliatory discharge claim while it remained viable.

Mr. Martina and Galloway moved for summary judgment. A hearing on the motion was held on October 21, 2019. The trial court found that the action was perempted and granted the summary judgment, reasoning that the peremptive period began to run on February 1, 2014. Mr. Lagneaux requested written reasons for judgment and the trial court issued its reasons for ruling on December 3, 2019. Mr. Lagneaux appealed.

III.

**STANDARD OF REVIEW**

Although prescription and peremption are ordinarily raised through a peremptory exception, the defense may also be raised through a motion for summary judgment. *Hogg v. Chevron USA, Inc.*, 09-2632, p. 6 (La. 7/6/10), 45 So.3d 991, 997. When prescription or peremption is raised through a motion for summary judgment, the appellate court conducts a de novo review using the same criteria used by the district court in determining whether summary judgment is appropriate. *Id.*

"[A] motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(A)(3). The courts have explained that, "a 'genuine issue' is a 'triable issue,' an issue in which reasonable persons could disagree." *Champagne v. Ward,* 03-3211, p. 5 (La. 1/19/05), 893 So.2d 773, 777. "A fact is 'material' when its existence or nonexistence may be essential to plaintiff's cause of action under the applicable theory of recovery." *Smith v. Our Lady of the Lake Hosp., Inc.*, 93-2512, p. 27 (La. 7/5/94), 639 So.2d 730, 751.

> The burden of proof rests with the mover. Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support enough to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law.

La.Code Civ.P. art. 966(D)(1).

IV.

## LAW AND DISCUSSION

### PEREMPTION

Mr. Martina and Galloway's motion for summary judgment rests primarily on the contention that Mr. Lagneaux's legal malpractice action is perempted. Louisiana Revised Statutes 9:5605 provides:

> A. No action for damages against any attorney at law duly admitted to practice in this state, any partnership of such attorneys at law, or any professional corporation, company, organization, association, enterprise, or other commercial business or professional combination authorized by the laws of this state to engage in the

practice of law, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide legal services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered; however, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.

The time periods provided in the statute are peremptive periods and may not be renounced, interrupted, or suspended. La.R.S. 9:5605(B). "Peremption is a period of time fixed by law for the existence of a right. Unless timely exercised, the right is extinguished upon the expiration of the peremptive period." La.Civ.Code art. 3458. Thus, Mr. Lagneaux had to file his malpractice suit within three years of the alleged malpractice.

Mr. Lagneaux alleged that Mr. Martina and Galloway committed legal malpractice by their representation in his retaliatory discharge claim against LCG. In the original petition for damages, he specifically asserted that Mr. Martina and Galloway are liable for allowing his claim in the underlying case to be dismissed as abandoned. Based on the pleadings and memoranda of both sides, it is undisputed that the underlying suit was dismissed as premature by the trial court on February 1, 2013. Thus, the order of dismissal signed in September 2017 was procedurally improper and had no effect on this matter. No further steps in the dismissed suit could have occurred as it was dismissed. Accordingly, allowing the claim to be dismissed as abandoned cannot amount to legal malpractice.

In the amended petition for damages, Mr. Lagneaux further alleged that Mr. Martina and Galloway committed legal malpractice by failing to advise of and comply with the requisite statutory requirements prior to filing the underlying suit, failing to exhaust all administrative remedies, and failing to refile suit after exhausting all administrative remedies. Mr. Martina and Galloway assert that they were not

4

retained to represent Mr. Lagneaux before the civil service commission. Mr. Lagneaux contests the scope of the representation. However, in a request for admission propounded by Mr. Martina and Galloway, Mr. Lagneaux admits that he did not retain Mr. Martina to represent him before the civil service commission regarding his termination by LCG. Therefore, Mr. Martina had no duty to represent Mr. Lagneaux before the civil service commission and cannot be held liable for his alleged failure to do so.

It is undisputed that Mr. Lagneaux's administrative remedies were never exhausted and a new suit was never filed after the dismissal on February 1, 2013. An action for retaliatory discharge under La.R.S. 23:1361 is a delictual action which is governed by the one-year prescriptive period of La.Civ.Code art. 3492, and prescribes one year from the date of discharge. *Maquar v. Transit Mgmt. of Se. La., Inc.,* 593 So.2d 365, 367 (La.1992). Prescription is interrupted when an action is commenced in a court of competent jurisdiction and venue. La.Civ.Code art. 3462. This interruption continues as long as the suit is pending. La.Civ.Code art. 3463. Prescription begins to run anew from the last day of interruption. La.Civ.Code art. 3466.

The underlying action for retaliatory discharge was timely filed; therefore, prescription was interrupted while the suit was pending. The one-year prescriptive period began to run anew on February 1, 2013, when the suit was dismissed. Thus, all administrative remedies must have been exhausted and suit refiled by February 1, 2014. No further action could have been taken in the matter beyond this date. Hence, any possible malpractice by Mr. Martina and Galloway regarding the underlying suit occurred on February 1, 2014, at the latest. Consequently, Mr. Lagneaux had until February 1, 2017 to file a claim for legal malpractice. The original petition for damages was not filed until September 5, 2018, and the amended petition was filed March 26, 2019, both well after the three-year peremptive period. Therefore, we find that Mr. Lagneaux's malpractice claim is perempted, there are no genuine issues of material fact

remaining to defeat peremption, and Mr. Martina and Galloway are entitled to judgment as a matter of law.[1]

## INADEQUATE DISCOVERY

On appeal, Mr. Lagneaux also contends that the trial court erred by granting summary judgment with inadequate discovery. Summary judgment may be granted "[a]fter an opportunity for adequate discovery." La.Code Civ.P. art 966(A)(3). "There is no absolute right to delay action on a motion for summary judgment until discovery is completed." *Simoneaux v. E.I. du Pont de Nemours & Co., Inc.*, 483 So.2d 908, 912 (La.1986). "The only requirement is that the parties be given a fair opportunity to present their claim. Unless plaintiff shows a probable injustice a suit should not be delayed pending discovery when it appears at an early stage that there is no genuine issue of fact." *Id.* at 913. As seen from the presented evidence, the malpractice action is perempted. Mr. Lagneaux has not presented any evidence to suggest that further discovery would lead to any additional fact that would support his claim given that the action is untimely on its face. Additionally, Mr. Lagneaux failed to attempt any additional discovery during the thirteen months while the matter was pending. Accordingly, this assertion lacks merit.

## IMPROPER EVIDENCE

Mr. Lagneaux also asserts that trial court erred by allowing improper exhibits as evidence. Louisiana Code of Civil Procedure Article 966(A)(4) provides in pertinent part: "[t]he only documents that may be filed in support of or in opposition to the motion are pleadings, memoranda, affidavits, depositions, answers to

---

[1]Although Mr. Lagneaux contends on appeal that the fraud exception should apply to prevent peremption, fraud was not pled in the petition for damages and will not be addressed. It has become almost axiomatic that fraud must be pled with particularity. *Vagelos v. Abramson*, 12-1235 (La.App. 4 Cir. 10/2/13), 126 So.3d 639, *writ denied*, 13-2574 (La. 1/27/14), 131 So.3d 61. Moreover, fraud was not raised at the trial level, and we decline to consider it on appeal. *Clarkston v. Funderburk*, 16-681 (La.App. 3 Cir. 2/1/17), 211 So.3d 509, *writ denied*, 17-403 (La. 4/13/17), 218 So.3d 631.

6

interrogatories, certified medical records, written stipulations, and admissions." Based on the memoranda of both parties, it is undisputed that the underlying case was dismissed on February 1, 2013. Thus, by operation of law, any alleged malpractice was committed before February 1, 2014 and is, therefore, perempted. As the claim is perempted based on facts found in the memoranda, the admissibility of the objectionable exhibits is hereby moot. Given that the claim for malpractice is perempted, all other issues raised by Mr. Lagneaux on appeal are rendered moot.

V.

## CONCLUSION

For the foregoing reasons, we find that Mr. Lagneaux's malpractice action is perempted, and the trial court correctly granted the motion for summary judgment. Accordingly, we affirm the judgment of the trial court.

All costs are assessed against Robert Lagneaux.

**AFFIRMED.**