**Adam GORDON and Glyniss Gordon, Plaintiffs–Appellants,**

v.

**STATE FARM FIRE AND CASUALTY COMPANY, Defendant–Appellee.**

No. 88–3516.

United States Court of Appeals, Fifth Circuit.

March 7, 1990.

Nelson Taylor, Sr., Baton Rouge, La., pro se.

Adam Gordon, Amite, La., Glyniss Gordon, Amite, La., pro se.

Robert H. Cooper, Blue, Williams & Buckley, Metairie, La., for defendant-appellee.

Before GEE, REAVLEY, and GARWOOD, Circuit Judges.

**GEE, Circuit Judge:**

Today we must determine when an action for penalties and attorneys' fees under La. R.S. 22:658 for arbitrary and capricious denial of an insurance claim has prescribed under Louisiana law. We have found that the answer is not clear.

### Facts

The Gordon's home was damaged by fire on December 1, 1986. In July, 1987, the Gordons submitted a proof of loss, which, on October 9, 1987, was rejected by State Farm. On January 28, 1988, the Gordons filed suit for damages arising from the fire and for interest, penalties, and attorneys' fees under La.R.S. 22:658 [1] for arbitrary and capricious handling of their claim.

The insurance policy provided:

No action shall be brought unless there has been compliance with the policy provisions. The action must be started within one year after the occurrence causing loss or damage.

State Farm moved for summary judgment, contending that the suit had prescribed under the terms of the insurance policy. The district court granted State Farm's motion. Mr. and Mrs. Gordon appeal, claiming that summary judgment was improper as to their claim under La.R.S. 22:658.

### Discussion

*Prescription*

The Gordons contend that their claim under La.R.S. 22:658 is distinct from their

---

1. La.R.S. 22:658 states, in part:

    A. All insurers issuing any type of contract, other than those specified in R.S. 22:656 and R.S. 22:657, shall pay the amount of any claim due any insured ... within sixty days after receipt of satisfactory proofs of loss from the insured, employee or any party in interest.
    B. (1) Failure to make such payment within sixty days after receipt of such proofs and demand therefor, when such failure is found to be arbitrary, capricious, or without probable cause, shall subject the insurer to a penalty, in addition to the amount of the loss, of ten percent damages on the total amount of the loss, payable to the insured, or to any said employees, together with all reasonable attorney fees for the prosecution and collection of such loss, or in the event a partial payment or tender has made, ten percent of the difference between the amount paid or tendered and the amount found to be due and all reasonable attorney fees for the prosecution and collection of such amount.
    (2) The sixty-day period for payment of losses resulting from fire and the penalty provisions for nonpayment within the sixty-day period shall not apply where the loss from fire was arson related and the state fire marshal or other state or local investigative bodies have the loss under active arson investigation. The provisions relative to time of payment and penalties shall commence to run upon certification of the investigating authority that there is no evidence of arson or that there is insufficient evidence to warrant further proceedings.

claim on the insurance contract and that, as such, it is not governed by the same one year prescription period. More precisely, they maintain that the prescription periods for those claims do not begin to run at the same time. Rather, they maintain that, while the one year prescriptive period for asserting a claim under the contract begins to run on the date of loss (fire), the prescription period for asserting a claim under La.R.S. 22:658 does not begin to run until at least sixty days after the insurer's receipt of proof of loss, when a violation of the statute occurs. This is a case of near first impression under Louisiana law, there being only one published opinion that treats this issue. *See Cantrelle Fence and Supply Co. v. Allstate Ins. Co.*, 550 So.2d 1306 (La.Ct.App.1989) ("*Cantrelle* II").[2]

In *Cantrelle*, the plaintiffs collided with an uninsured motorist in March, 1983. They sued Allstate under their uninsured motorist policy and won. Then, in July, 1985, the plaintiffs filed a separate lawsuit under La.R.S. 22:658. Allstate's exception of prescription was denied by the trial court. Allstate then filed an exception claiming improper division of obligation. The Louisiana Supreme Court, in *Cantrelle* I, held that the obligation arising under La.R.S. 22:658 was separate and distinct from the obligation arising under the insurance contract, and that there was no improper division of obligation. It did not hold that the trial court properly denied Allstate's exception of prescription, nor did it hold that the prescriptive periods begin to run at different times. For that, we turn to *Cantrelle* II.

In *Cantrelle* II, Allstate renewed its exception of prescription, which was again denied by the trial court. Allstate then applied successfully to the Louisiana Court of Appeals for supervisory writs to review

the denial of the exception raising the objection of prescription.

According to Allstate, the 22:658 action had prescribed two years from the date of the accident under La.R.S. 9:5629.[3] The plaintiffs, on the other hand, argued that the 22:658 action was governed by the ten year prescriptive period of La.C.C. art. 3499[4] or, in the alternative, that the filing of the original suit interrupted prescription as to the suit for penalties and attorneys' fees. From that, the Louisiana Court of Appeals decided that, because a prescriptive period for the 22:658 claim was not specifically provided by legislation, the ten year prescriptive period of art. 3499 must apply.

The Court reasoned that because La.R.S. 9:5629 applies to "actions for the recovery of damages *sustained in* motor vehicle accidents," (emphasis added) it does not apply to actions for penalties and attorneys' fees under La.R.S. 22:658. That is, penalties and attorneys' fees are not damages "sustained in" the motor vehicle accident; they derive instead from penalty provisions for arbitrary and capricious failure to pay a claim. Thus, the Court refused to rule contrary to what it perceived to be a legislative pronouncement:

> The legislature could have worded the statute to extend the prescriptive period of La.R.S. 9:5629 to La.R.S. 22:658 actions by the use of wording such as "damages as a result of motor vehicle accidents" but they did not do so. We do not have the authority to disregard the clear wording of the statute.

*Cantrelle* II at 1308. *Cantrelle* II therefore holds that a 22:658 action brought for arbitrary and capricious handling of a claim under an unsecured motorist provision is not governed by the prescriptive period of La.R.S. 9:5629, which sets prescription at

---

**2.** *See also* the related case of *Cantrelle Fence and Supply Co. v. Allstate Ins. Co.*, 515 So.2d 1074 (La.1987) ("*Cantrelle* I"), which the appellants cite for the proposition that the obligation arising under La.R.S. 22:658 is separate and distinct from the obligation arising under the insurance contract.

**3.** La.R.S. 9:5629 states:

Actions for the recovery of damages sustained in motor vehicle accidents brought pursuant

to uninsured motorist provisions in motor vehicle insurance policies are prescribed by two years reckoning from the date of the accident in which the damage was sustained.

**4.** La.C.C. art. 3499 states:

Unless otherwise provided by legislation, a personal action is subject to a liberative prescription period of ten years.

two years for actions brought pursuant to the policy itself. Finding no other prescriptive period specifically applicable to such 22:658 actions, the *Cantrelle* II court held that the action was governed by the ten year prescriptive period of La.C.C. art. 3499.

We are here faced with a different case, both factually and legally.

As to the factual distinctions, there are many and most are obvious. We find two particularly significant. First, we are here faced with a claim for arbitrary and capricious denial of payment under a *fire* insurance policy, not an uninsured motorist policy like that involved in *Cantrelle*. Second, and perhaps most important, here the plaintiffs failed to file their claim within the time provided in the insurance policy itself.[5] Thus, there neither has been nor will be a judicial determination of their loss. Judicial recovery under their policy is time-barred and, further, was time-barred at the time the plaintiffs originally filed their 22:658 action. We must now determine whether these factual distinctions compel, in this case, a result different from that reached in *Cantrelle* II. We conclude that they do.

First, the fire insurance policy specifically provides:

No action shall be brought unless there has been compliance with the policy provisions. The action must be started within one year after the occurrence causing loss or damage.

Second, when the fire occurred, La.R.S. 22:629 provided, in part:

A. No insurance contract delivered or issued for delivery in this state and covering subjects located, resident, or to be performed in this state, shall contain any condition, stipulation, or agreement:

\* \* \* \* \* \*

(3) Limiting right of action against the insurer to a period of less than one year from the time when the cause of action accrues in connection with all insurances unless otherwise specifically provided in this Code.

Third, La.R.S. 22:691 provided, in part:

B. No policy or contract of fire insurance shall be made, issued or delivered by any insurer, or by any agent or representative thereof, on any property in this state, unless it shall conform as to all provisions, stipulations, agreements and conditions, with such form of policy.

\* \* \* \* \* \*

F. The form of the standard fire insurance policy of the State of Louisiana ... shall be as follows:

\* \* \* \* \* \*

(2) SECOND PAGE OF STANDARD FIRE POLICY

\* \* \* \* \* \*

Suit—No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, and unless commenced within twelve months next after the inception of the loss.

Thus, on their faces, the contract clause and the Louisiana statutes applicable generally to fire insurance policies do not limit their one year prescriptive periods to actions for damages sustained only in the fire. Rather, the contract is, by its terms, much broader, indicating that "no action" may be brought unless it is brought within one year of the date of loss. La.R.S. 22:629 is equally broad, speaking in terms of a "right of action against the insurer." Similarly, La.R.S. 22:691 refers to "the recovery of any claim." Thus, there is no indication that either the parties or the legislature intended the one year prescriptive period to be inapplicable to 22:658 actions brought against fire insurance companies.

Further, the language of Section 22:658 leads us to conclude that the legislature did not intend to permit recovery of 22:658 damages in cases in which contractual damages are not awarded, for whatever reason. The penalty called for by Section 22:658 is phrased in terms of an add-on percentage of the recovery: "in addition to the amount of the loss, of ten percent damages on the

---

5. In *Cantrelle* the prevailing plaintiffs' contract claim was timely filed.

total amount of the loss.... together with all reasonable attorney fees for the prosecution and collection of such loss."

Although it is just conceivable that the Louisiana legislature meant to enact such a provision as would impose a penalty of ten percent of a hypothetical recovery when no actual one could be had, we think it far more likely that what it meant to do was punish foot-dragging in the handling of *viable* claims. To hold otherwise would be to raise the all but metaphysical question whether it is possible to act arbitrarily, *capriciously or without probable cause* in denying a barred or otherwise meritless claim.[6]

We therefore hold that, in cases for penalties and attorneys' fees for arbitrary and capricious denial of a claim under a fire insurance policy, 22:658 damages are not recoverable if all recovery on the underlying contract is barred.

The judgment of the district court is AFFIRMED.

6. Though Mr. and Mrs. Gordon's claim might have been viable—we do not here pass on its merits—at the time the alleged arbitrary and capricious action occurred, we hold that once the contract claim prescribed, the right to sue for arbitrary and capricious denial was lost.