JiBROWN, Judge.
This matter comes before the court on the application of Patterson Insurance Company, which seeks review of a judgment denying applicant’s exception of prescription. Finding that the trial court was correct, the writ is denied.

FACTS

This case arises from an automobile accident that occurred on May 5,1995, in Ouachi-ta Parish. The plaintiffs, including Robert Robideau, were passengers in one of the vehicles involved in the accident. The other vehicle was driven by Heather Y. Johnson, who had liability coverage with Patterson Insurance Company. After the accident, Ro-bideau spoke with Chuck Bayne, an adjustor for Patterson.
According to Bayne, he last spoke to the plaintiffs on May 31, 1995; however, Robi-deau asserts that his last conversation with Bayne was in June or July of 1995. Bayne left Patterson Insurance Company in mid-July 1995. Robideau’s property damage claim was paid on September 25, 1995. Suit was not filed until August 8, 1996, over a *314 year after the accident in question, and more than one year after Robideau last spoke to Bayne, but less than one year after the vehicle repair costs were paid. At the end of the hearing, the trial court stated that it considered Robideau completely credible and forthright in his testimony.
Robideau indicated that his first discussions with Bayne were to determine liability; that Bayne took Robideau’s report on a cassette tape; and that Bayne acknowledged that his client, Heather Johnson, was totally liable. Robideau testified that Bayne at first instructed him to send Bayne his medical bills and an estimate reflecting the cost to repair Robideau’s automobile. Later, Bayne suggested to Robideau that he just give the bills to his own insurance company since they were in the same building as Bayne, so that Robideau’s insurance could ^subrogate the claim with Patterson. Allegedly, that would make it easier and would not affect Robi-deau’s cash flow or personal funds. Robi-deau further testified that he followed Bayne’s suggestion with regard to property damages and with regard to some of the medical expenses.[1]
According to Robideau, after his discussions with Bayne, he did not feel that he was going to have to sue Patterson to get payment. Instead, he thought that it was “an open and shut case.”
Several pieces of documentary evidence were introduced during Robideau’s testimony. They included two letters from Bayne dated May 23 and May 31, 1995, and Plaintiff’s Exhibit P-7, a check dated September 25,1995, from Patterson to Robideau’s insurance company, Farmers Insurance Group, in the amount of $2,684.73. The check notes that it is for property damage — subrogation.
On cross-examination, Robideau indicated that his last conversation with Bayne probably was about payment of property damages and going through Robideau’s insurance company. Robideau indicated that this conversation took place in approximately June or July of 1995.
Bayne stated in his deposition that he never made any promises to pay Robideau’s medical bills or any other expenses. When asked if he ever admitted liability to Robi-deau, Bayne responded that he didn’t really recall, although it “seemed like it was pretty clear.” Bayne candidly stated that he “didn’t have a problem with the negligence.” Bayne also stated in his deposition that with regard to injuries and medical expenses, the only discussions he ever had with Robideau were ones in which he told Robideau he would need to send him a medical | ^authorization form and would need to document any lost wages or special damages.

DISCUSSION

The significant point for factual purposes is that the trial court believed Robi-deau, who testified that he followed all of Bayne’s instructions and that Bayne had admitted that Patterson’s insured was totally Hable for the accident. Such a credibflity determination is weU within the discretion of the trial court.
An action in tort prescribes in one year. La. C.C. art. 3492. If on the face of the petition it appears, as in this case, that prescription has run, then it is plaintiff’s obHgation or burden to show otherwise. Lima v. Schmidt, 595 So.2d 624 (La.1992).
Prescription is interrupted when one acknowledges the right of the person against whom prescription is running. La. C.C. art. 3464. An acknowledgment erases all accrued time and the prescriptive period commences anew from the last date of interruption. La. C.C. art. 3466.
Except for mineral servitudes, acknowledgment requires no particular form and is a fact specific inquiry. Lima, supra.
A tacit acknowledgment occurs when a debtor performs acts of reparation or indemnity, makes an unconditional offer or payment, or lulls the creditor into beheving he will not contest HabiHty. Conversely, mere settlement offers or conditional payments, humanitarian or charitable ges *315 tures, and recognition of disputed claims will not constitute acknowledgments. These generalizations are reflected in the host of cases addressing the issue of what constitutes a tacit acknowledgment, including undisputed liability, repeated and open-ended reassurances of payment, and continuous and frequent contact with the creditor throughout the prescriptive period. Conversely, our courts have recognized that mere recognition of a disputed claim, conditional payments, and settlement or compromise offers or negotiations do not evidence an acknowledgment.
Lima, 595 So.2d at 634.
Further, La. R.S. 22:661 provides:
I4N0 settlement made under a motor vehicle liability insurance policy of a claim against any insured thereunder arising from any accident or other event insured against for damage to or destruction of property owned by another person shall be construed as an admission of liability by the insured, or the insurer’s recognition of such liability, "with respect to any other claim arising from the same accident or event.
Payment of the property damage claim is not, under R.S. 22:661, an admission of liability but is a fact that may corroborate other statements or actions that cause or lull a creditor into believing that liability is not contested. Thus, the cumulative effect of all actions by the debtor are considered in determining whether the liability on the claim was admitted.
The trial court found that Bayne had acknowledged Patterson’s liability and that Ro-bideau was following the guidance and instructions of the adjustor every time he spoke with him. The court was of the opinion that Robideau was negotiating with the insurance company in good faith and that after Bayne left the company, the claim was taken over by another adjustor and a property damage check was mailed on September 15, 1995. The court ultimately concluded that prescription was interrupted and the ease was timely filed. Thus, the court denied the exception of prescription. We agree.
The facts and circumstances of this case support the finding that prescription was interrupted by Bayne’s acknowledgment of liability and that the payment of the property claim flowed from Bayne’s conclusion that Patterson’s liability was clear. At least, up to the date of the payment, Robideau was led to believe that liability was admitted. Thus, prescription was interrupted and did not start anew until after September 15, 1995.
AFFIRMED and WRIT DENIED.

. Ms. Johnson carried only 10/20/10 limits and a third vehicle also incurred property damage. Bayne explained to Robideau that he was assured of full recovery by going through his insurer.