JiCOOKS, Judge.
Holloway Sportswear, Inc., appeals the trial court’s denial of their exception of prescription and subsequent judgment awarding Lowandia Smith damages and attorney’s fees for a retaliatory discharge.
FACTS
Lowandia Smith was employed as a bun-dler for Holloway Sportswear, Inc. when she sustained injuries to her wrists while engaged in the course and scope of her employment on September 19, 1989. Smith missed work from October 3, 1989 through April 2, 1990. Smith asserted a claim and received weekly workers’ compensation benefits and necessary medical treatment. She returned to work on April 3, 1990 with a medical release. On that date she was told by the employer that there was no available work and she should “go home.” Smith testified she was told when Rwork became available she would receive a call. The employer denied making this statement.
On June 5, 1990, Smith filed a 1008 claim with the Office of Workers’ Compensation (OWC), asserting her right to benefits and also alleging a claim for retaliatory discharge under La.R.S. 23:1361. Smith sought one-year’s salary plus reasonable attorney fees for Holloway’s alleged violation of La.R.S. 23:1361, which prohibits an employer from discharging an employee who asserts a workers’ compensation claim.
Subsequently, Smith filed suit on January 9, 1991 in the district court asserting the same cause of action for retaliatory discharge. Holloway filed a lack of subject matter jurisdiction exception to the petition. On April 15, 1991, counsel for Smith voluntarily dismissed the suit in district court when another unrelated suit pending against Holloway in the same court was dismissed by the trial court after the filing of a similar exception. Counsel for Smith reurged and intended to litigate the retaliatory discharge claim before the OWC. However, the Louisiana Supreme Court held in Sampson v. Wendy’s Management, Inc., 593 So.2d 336 (La.1992), that jurisdiction in a retaliatory discharge suit was vested in the district court and not the OWC. As a result of Sampson, Smith filed a second suit in the district court on February 27, 1992, alleging the identical cause of action asserted in the first suit. Holloway then filed an exception of prescription seeking dismissal of the action. The court denied the exception finding the initial filing of Smith’s claim with the OWC interrupted prescription.
A trial was held on the retaliatory discharge claim. The trial court concluded Smith was unlawfully discharged for asserting a worker’s compensation claim. She was awarded $9,000, plus $3,500 as attorney’s fees. Holloway appealed the trial court’s judgment relying upon the following assignments of error as grounds |3for reversal:
1. The trial court erred in dismissing the peremptory exception of prescription.
2. The trial court erred when it denied, following the plaintiffs case in chief, the motion to dismiss made by defendant.
3. The trial court erred in awarding judgment in favor of plaintiff because the plaintiff failed to prove her case of retaliatory discharge by a preponderance of the evidence.
*422 Smith answered Holloway’s appeal alleging the trial court erred by. rendering an abusively low attorney’s fee award and in determining the date when interest should begin to run.
ANALYSIS
I. Prescription
As a delictual action, an action for retaliatory discharge is governed by the one-year prescription found in La.Civ.Code art. 3492. It must be filed within one year from the date of discharge. Maquar v. Transit Management of Southeast Louisiana, Inc., 593 So.2d 365 (La.1992); Arvie v. Century Tel. Enterprises, Inc., 452 So.2d 392 (La.App. 3 Cir.1984).
In Maquar, 593 So.2d 365, the Supreme Court considered whether the filing of a claim with OWC interrupted prescription on the delictual action for retaliatory discharge penalties; and, thus, satisfied the requirements of La.Civ.Code art. 3462. The Court found that OWC was not a court, either competent or incompetent, and that at the time the claim was filed in 1989, OWC had no binding adjudicatory powers. It concluded that the action was not commenced in a court or the equivalent of a court so as to interrupt prescription on the discharge action under La.Civ.Code art. 3462. However, the court stated:
Nevertheless, under the narrow and particular facts of the instant ease, assuming that the claim filed with OWCA | ¿included a claim for retaliatory discharge and that the employer received notice of this claim, the purposes of the laws of prescription and the interruption thereof have been served. Liberative prescriptive statutes, intended to protect defendants from prejudice in preparing and conducting defenses, are to be strictly construed. Parker, [v. Southern American Insurance Co.] supra [590 So.2d 55 (La.1991) ]. Here, based on the foregoing assumptions, the claim was formally filed in an official forum in accordance with a statutory procedure and the defendant - employer was given notice of the claim within the one-year prescriptive period. An action was commenced in court only a few days after the one-year period and within the time period provided for worker’s compensation actions.
The supreme court, under the narrow and particular facts of Maquar, found prescription on plaintiffs wrongful discharge claim was interrupted by defendant’s notification of plaintiffs claim within the one year prescriptive period even though suit was filed in a court without subject matter jurisdiction. We find the same situation applies here.
A review of the petition filed in the OWC shows Smith set out a claim for retaliatory discharge under La.R.S. 23:1361. Holloway’s answer in the OWC proceedings indicates an awareness that Smith was asserting a claim for retaliatory discharge. Paragraph 4 of the answer stated the following:
Lowandia Smith was terminated due to a reduction in work force and based on a reorganization of Holloway Sportswear, Inc.’s Ville Platte factory wherein the cutting department was disbanded.
Holloway was aware of Smith’s intent to bring suit for retaliatory discharge within the prescriptive period of one year. Further, Smith did not dismiss the suit pending before the OWC.
Holloway’s main contention on appeal is that because Smith voluntarily dismissed the first retaliatory discharge suit filed in district court, the interruption of prescription is considered never to have occurred. In support of this contention, Holloway relies on La. Civ. Code art. 3463, which provides:
_[sAn interruption of prescription resulting from the filing of a suit in a competent court- and in the proper venue or from service of process within the prescriptive period continues as long as the suit is pending. Interruption is considered never to have occurred if the plaintiff abandons, voluntarily dismisses, or fails to prosecute the suit at trial. (Emphasis added.)
Although the first suit filed in district court was voluntarily dismissed by counsel for Smith, the pending claim in the OWC was never -dismissed. While counsel for Smith may have been unwise to dismiss the suit filed in district court, considering the confusion existing at that time as to which forum was appropriate to file a claim for retaliatory *423 discharge, it does not serve the interests of fairness and justice for us to hold that plaintiffs case prescribed. Considering the Supreme Court’s holding in Maquar, and noting the special facts of this case, we agree with the trial court’s conclusion that the purpose of the prescription law was served in this case. Smith continually expressed her intent to assert a claim against Holloway for retaliatory discharge. Holloway became aware of her intent within the one year prescriptive period; thus, it was not prejudiced in any way by her legitimate confusion regarding which forum possessed jurisdiction to hear the action. Accordingly, we affirm the trial court’s judgment denying Holloway’s exception of prescription.
II. Retaliatory Discharge
Holloway contends Smith failed to prove her retaliatory discharge claim by a preponderance of the evidence and the trial court manifestly erred in finding otherwise. La.R.S. 23:1361, which is the retaliatory discharge statute, provides in pertinent part:
No person shall discharge an employee from employment because of said employee having asserted a claim for benefits under the provisions of this Chapter or under the law of any state or of the United States. Nothing in this Chapter shall pi-o-hibit an employer from discharging an employee who because of injury can no longer perform the duties of his employment.
leAfter trial, the court found “as a fact that the defendant, Holloway Sportswear, Inc., intentionally terminated the plaintiffs employment for asserting the claim for worker’s compensation benefits....” The trial court apparently found Smith’s testimony more credible than that of Bob Buroker, Holloway’s vice-president. Smith testified she was told by Buroker that he “had to let me go because he didn’t have anything for me at the time and that he would call me if something come up.” Buroker denied ever making a statement to Smith about contacting her for re-hire if jobs became available. Of particular note, the record contains a separation notice signed by Buroker on April 4, 1990 (two days after Smith showed up at Holloway to return to work):
Lowandia Smith was terminated from working at Holloway Sportswear, Inc. because she was unavailable for work and was replaced.
The trial court’s ruling that plaintiff was fired for filing a compensation claim is a question of fact, which may not be disturbed by this court in the absence of manifest error. Bailey v. Martin Brower Co., 94-1179 (La.App. 1 Cir. 4/7/95), 658 So.2d 1299, Bowman v. F. Christiana and Co., Inc., 553 So.2d 971 (La.App. 4 Cir.1989). His factual conclusion is a reasonable one based upon the entire record, and we cannot disturb it. Stobart v. State, Through Dep’t of Transp. and Dev., 617 So.2d 880 (La.1993).
III. Attorney’s Fees
A trial judge is vested with broad discretion in fixing attorney fees under La. R.S. 23:1361. Absent a clear abuse of discretion in making such assessment, his determination should not be disturbed. However, a reading of the trial court’s oral reasons for judgment indicate his award for attorney fees was influenced by the amount awarded for the retaliatory discharge. La.R.S. 23:1361 allows the trial court to award reasonable attorney’s fees if it finds them warranted. Reasonable attorney’s fees are derived from the amount of work performed by counsel in the presentation of his ^client’s ease. It does not hinge or depend in anyway upon the actual dollar amount awarded plaintiff.
After a review of the record, we find the amount awarded by the trial court was insufficient. Smith’s attorney actively represented her in pursuing the claim for approximately seven years. Smith prevailed in both the lower court and this court on the issue of wrongful termination. Smith’s counsel handled the case at every stage of the proceedings. In preparation for trial, he conducted numerous depositions and engaged in full discovery. Based on the amount of time and effort Smith’s counsel invested in this case, we find the hearing officer erred in awarding only $3,500 in attorney’s fees. Accordingly, we hereby amend the award by increasing it to $7,500, an amount we deem reasonably sufficient to compensate the attorney for his *424 services. We also award an additional $2,500 in attorney fees for the work performed by the attorney on appeal.
IY. Legal Interest
Smith contends the trial court committed manifest error when it determined that judicial interest began to run from February 27, 1992 (the date the second suit was filed in district court) and not from June 26, 1990 (the date the claim was filed with the OWC). Although we have concluded plaintiffs claim did not prescribe because the suit initially filed with the OWC fairly provided defendant with notice of the claim, the first viable suit litigated to completion by plaintiff was not filed until February 27, 1992. We find interest should legally run from this date as contemplated by the applicable statute and in furtherance of the interests of justice.
DECREE
For the above reasons, the judgment of the trial court is amended to increase the amount of the attorney’s fees award from $3,500 to $7,500. We also award $2,500 in attorney’s fees for additional work performed by the attorney on | ^appeal. As amended the judgment is affirmed at appellant’s cost.
AFFIRMED, AS AMENDED.