I,WILLIAMS, Judge.
The plaintiff, William Greeson, appeals a judgment in favor of the defendant, Acceptance Insurance Company (“Acceptance”). The district court sustained defendant’s peremptory exception of prescription, dismissing plaintiffs claim for insurance benefits. For the following reasons, we affirm.
FACTS
On June 4, 1996, a fire destroyed Gree-son’s house located on Templeton Street in Richland Parish, Louisiana. At the time of the fire, a homeowner’s insurance policy issued by Acceptance was in effect. The policy insured the Greeson dwelling from loss caused by fire. Shortly after the fire, Greeson attempted to recover the benefits provided in the policy.
In December 1996, Greg Svoboda, a claims examiner for Acceptance, sent a letter to the attorney then representing Greeson, stating that Acceptance was investigating the claim and awaiting .the results of an investigation by the state fire marshal. In January 1997, Greeson’s present counsel, James Berry, sent a letter of representation to Svoboda, advising that suit would be filed if the claim was not resolved within ten days. Approximately one week later, Svoboda informed Berry that the insurer’s investigation was continuing and requested that Greeson complete and submit a sworn proof of loss form.
In February 1997, an Acceptance attorney requested in writing that Greeson give a sworn statement and produce various documents. During the next two months, the attorneys exchanged correspondence *1203 and in May 1997, Greeson gave the sworn statement. On May 30, 1997, Svoboda sent by fax and mail a letter informing Berry that Greeson might not be entitled to benefits from the policy because of possible misrepresentations contained in the policy application. Svoboda stated that the insurer’s analysis of the claim was incomplete pending conclusion of the state fire marshal’s investigation. Svoboda expressly informed | ¡.Berry that the continuing investigation by Acceptance did not constitute a waiver of any of its rights under the policy.
Greeson’s attorney did not respond until June 24, 1997, when he requested either payment or a formal denial of the claim, and a copy of the insurance policy. On September 11, 1997, Svoboda sent Berry written notice that Acceptance was rescinding the policy because of misrepresentations in the insurance application. On the same date, the Acceptance attorney sent Berry a copy of the insurance policy, but it was incomplete.
On September 22, 1997, the plaintiff, Greeson, filed a petition against the defendant, Acceptance, seeking recovery of the policy benefits. One month later, the defendant filed exceptions of prescription and nonjoinder of a party, and mailed plaintiff a copy of the complete insurance policy. During the hearing on the exceptions, the plaintiff testified that he thought Acceptance mailed him a written insurance policy in May or June 1996, but that he never looked at the document.
After the hearing, the district court took the matter under advisement. Subsequently, the court sustained the exception of prescription, finding that the defendant’s representatives did not act fraudulently or in a manner to influence plaintiff to believe that the policy’s one-year prescriptive period would not be enforced. The district court rendered judgment in favor of the defendant, finding that plaintiffs claim had prescribed because suit was not filed within one year from the date of loss. The plaintiff appeals the judgment.
DISCUSSION
The plaintiff contends the district court erred in sustaining the exception of prescription. Plaintiff argues that the actions of the defendant’s representatives were sufficient to waive the one-year time limitation, or to lull the plaintiff into a belief that suit need not be filed within the prescriptive period.
13Louisiana requires that fire insurance contracts contain language providing that a suit or action for recovery of a claim shall not be sustainable unless the insured has complied with all of the policy requirements and suit is commenced within twelve months after the inception of the loss. LSA-R.S. 22:691. When the plaintiffs petition on its face reveals that prescription has run, the burden is on the plaintiff to show why the claim has not prescribed. Lima v. Schmidt, 595 So.2d 624 (La.1992).
Here, the policy in question contains the following language:
Suit Against Us. No action can be brought unless the policy provisions have been complied with and the action is started within one year after the date of loss.
Thus, the policy was consistent with state law and a prescriptive period of one year applied to this case. The plaintiff filed suit in September 1997, fifteen months after the fire occurred. Consequently, plaintiff faced the burden of proving the reason his claim had not prescribed.
An insurer’s conduct can constitute an unintended waiver of its right to claim the benefit of a one-year prescriptive period for filing suit. Stephens v. Audubon Insurance Company, 27,658 (La.App.2d Cir.12/6/95), 665 So.2d 683, writ denied, 96-0066 (La.2/28/96), 668 So.2d 363. However, an insurer’s investigation of any loss or claim under any policy or participation in negotiations concerning a possible settlement of any such loss or claim shall not constitute a waiver of any policy provision or of any defense of the insurer. LSA-R.S. 22:651.
*1204 Unless the insurer in some manner leads the insured to reasonably believe the time limitation has been waived while the claim is under consideration or in some other way acts so as to induce the insured to withhold suit, he must file his action within the prescribed period even if the claim is still pending. Stephens v. Audubon Insurance Company, supra. The crucial determination is whether the overall actions of the insurer’s claims adjuster, during the year after the loss, led | ¿plaintiff to reasonably believe the insurer would not require compliance with the policy provision that suit must be filed within one year. Washington v. Allstate Ins. Co., 901 F.2d 1281 (5 th Cir.1990); Blum v. Cherokee Insurance Company, 336 So.2d 894 (La.App. 4 th Cir.1976). An appellate court may not set aside the district court’s finding of fact in the absence of manifest error or unless it is clearly wrong. Stobart v. State DOTD, 617 So.2d 880 (La.1993).
In his brief, the plaintiff argues that prescription was interrupted because of the defendant’s knowledge of plaintiffs asserted claim. In support of his argument, plaintiff cites Smith v. Holloway Sportswear, Inc., 97-698 (La.App. 3 rd Cir.12/17/97), 704 So.2d 420 and Maquar v. Transit Management of Southeast La., Inc., 593 So.2d 365 (La.1992). However, the factual situation in these cases can be distinguished from that of the present case. In the Smith and Maquar cases, the court found that prescription was interrupted when the employer was notified of a wrongful discharge action by the worker’s filing of a claim in an official forum in accordance with statutory procedure. In contrast, the present case did not involve a claim filed in an official forum pursuant to a statutory process. Thus, the cited cases do not provide authority for plaintiffs argument that defendant’s mere knowledge of the claim was sufficient to interrupt prescription.
The circumstances of this case can also be distinguished from those considered in 'this court’s decision in Robideau v. Johnson, 30,422 (La.App.2d Cir.8/28/97), 702 So.2d 313. In Robideau, supra, this court found that the prescriptive period was interrupted by the insurer’s admission of liability and payment of the property damage claim. Here, the defendant has neither admitted liability nor made any payment toward plaintiffs claim.
The plaintiff contends defendant waived prescription by sending written communications after the prescriptive period had expired, including Svoboda’s letter of July 21, 1997, which stated that a completed proof of loss form could be | ¡¡forwarded to the defendant for the “continued handling” of the claim. Plaintiff also refers to Svo-boda’s September 11, 1997 letter rescinding the insurance policy and stating that plaintiff should advise defendant of any additional facts which might affect its decision.
However, the plaintiff has not established that these statements constitute a waiver of prescription. The letters do not contain any new promise to honor plaintiffs claim. Rather, Svoboda stated that the July 1997 letter should not be construed as a waiver of defendant’s rights under the policy. Additionally, the September letter appears to make reference to facts which might affect defendant’s decision to rescind the entire policy, and does not refer to the specific claim at issue. Furthermore, the limitation on bringing suit is not a period in which the insurer must deny a claim, but rather one in which the plaintiff must assert the claim judicially. Stephens, supra. Plaintiffs contention lacks merit.
During the year following the fire, the letters sent by Svoboda informed plaintiff that his claim was being investigated and requested that he submit a sworn proof of loss form, which was required to process the claim. In her letters, the defendant’s attorney requested a sworn statement from plaintiff and the production of certain documents. Pursuant to Section 651, such requests made during the investigation of a claim cannot constitute a waiver of the prescriptive period.
*1205 The evidence produced by plaintiff does not establish that he withheld suit in reb-anee on any words or actions of the defendant or its adjuster, apart from the routine inquiries made in the course of a claim investigation. Further, the record does not indicate that defendant made any admission of liability or assurance of payment during the year following the loss.
Nor is there evidence that prior to the anniversary date, defendant made any other representation or took any other action which could have caused plaintiff to reasonably conclude that the claim would be paid without the necessity of filing |fisuit. To the contrary, Svoboda’s letter of May 30, 1997, one week before the prescriptive period ended, indicated that plaintiff may not be entitled to payment of the claim and specifically stated that continuation of the investigation did not constitute a waiver of defendant’s rights under the policy.
The plaintiff also contends that the one-year limitation should not apply because his attorney was not provided with a complete copy of the policy by defendant until after the exceptions were filed. However, defendant was not notified that plaintiffs counsel did not have access to a copy of the policy until June 24, 1997, three weeks after the prescriptive date had passed. Prior to that time, plaintiff indicated in his sworn statement that he had received from defendant a document which he believed was the insurance poh-cy. The plaintiff does not explain why he did not seek information about the policy provisions in a more timely manner. In any event, as we previously noted, the pobey repeated the statutory requirement that suit be filed within one year after the loss. Under these circumstances, the plaintiffs contention lacks merit.
Based upon this record, the plaintiff failed to satisfy his burden of proving that defendant’s representatives acted to induce or lull plaintiff into believing that the one-year prescriptive period had been waived. Consequently, we cannot say the district court was clearly wrong in finding that plaintiffs suit was not timely filed. Accordingly, the district court correctly sustained the exception of prescription, dismissing plaintiffs claims. The assignments of error lack merit.
CONCLUSION
For the foregoing reasons, the district court’s judgment sustaining the peremptory exception of prescription and dismissing plaintiffs claim is affirmed. Costs of this appeal are assessed to the appellant, William Greeson.
AFFIRMED.