BROWN, Chief Judge.
| plaintiff, David R. Hampton, Jr., seeks reversal of the trial court’s judgment granting the peremptory exception of prescription filed by defendant, Audubon Insurance Company. For the following reasons, the judgment of the trial court is affirmed.

Facts

Plaintiff, David R. Hampton, Jr., had a fire at his home in Lake Providence, East Carroll Parish, Louisiana, on September 27, 2003. He was insured under a standard fire insurance policy issued by Audubon. Over the next several months Hampton filed various proof of loss forms on his home and its contents. Audubon never made a payment on the claim.
On October 6, 2004, Hampton filed suit against Audubon for damages arising from the fire and for penalties, interest, attorney fees, and costs. Audubon responded by filing a peremptory exception of prescription claiming that the suit had prescribed.
The exception was submitted on memo-randa and on February 7, 2006, the trial court rendered judgment granting the exception of prescription and dismissing Hampton’s claim. Hampton filed a motion for new trial which was denied on March 8, 2006.[1] The instant appeal followed.

Discussion

Louisiana Revised Statute 22:691 requires that fire insurance contracts contain language providing that a suit or action for recovery of a | ..claim shall not be sustainable unless the insured has complied with all of the policy requirements and suit is commenced within twelve months after the inception of the loss. La. R.S. 22:691; Greeson v. Acceptance Insurance Company, 32,159 (La.App. 2d Cir.08/18/99), 738 So.2d 1201. The provisions required by La. R.S. 22:691 are mandatory and a fire insurance policy must be written either in conformity with the statute or in a manner which is equivalent to or exceeds the coverage provided by statute. Osbon v. National Union Fire Insurance Company, 93-1975 (La.02/28/94), 632 So.2d 1158.
The Audubon policy provides:
Suits Against Us. No action can be brought unless the policy provisions have been complied with and the action is started within one year after the date of loss. (Emphasis added).
Thus, the Audubon policy was consistent with state law and a prescriptive period of one year applied to this case to claims for coverage under the policy.
When the petition clearly evidences that the time limitation for commencing an action has run, the burden is on the plaintiff to show an interruption of prescription to avoid dismissal. Lima v. *334 Schmidt, 595 So.2d 624 (La.1992); Bank of Jena v. Robbie’s Auto Body, Inc., 621 So.2d 136 (La.App. 2d Cir.1993). Hampton filed suit on October 6, 2004, more than one year after the fire occurred. Accordingly, Hampton faced the burden of proving that his claim had not prescribed. Hampton has not made any arguments or presented any evidence to show interruption or suspension of prescription on his claim for recovery under the policy’s coverage terms hand, therefore, we must conclude that the trial court did not err in granting the exception in that regard.
This does not, however, answer the question of whether Hampton’s claim for penalties and attorney fees has prescribed. The petition asserts entitlement to penalties on the basis that Hampton’s claim was not paid within 30 days after he filed his proof of loss. This claim is based on La. R.S. 22:658, which obligates an insurer to pay claims within 30 days after receipt of proof of loss. Failure to do so subjects the insurer -to penalties and attorney fees in addition to the amount of the loss if the failure to pay was arbitrary, capricious, or without probable cause. The statute is silent as to prescription.
The law is not clear as to what prescriptive period applies to claims for penalties and attorney fees under La. R.S. 22:658. There is language in other cases that indicates that such a claim is distinct from a claim under the insurance policy and is not governed by the one-year prescriptive period but rather by a ten-year prescriptive period for personal actions under La. C.C. art. 3499. We Sell Used Cars, Inc. v. United National Insurance Company, 30,671 (La.App. 2d Cir.06/24/98), 715 So.2d 656; Cantrelle Fence and Supply Company v. Allstate Insurance. Company, 550 So.2d 1306 (La.App. 1st Cir.1989), writ denied, 559 So.2d 123 (La.1990).
These cases are distinguishable from the present case. In the above cited cases, the losses or damages covered by the insurance policies were viable and had not prescribed. In the case at bar, judicial recovery of the | ¿fire loss was time-barred at the time the action for penalties under La. R.S. 22:658 was filed.
The language of La. R.S. 22:658 suggests that the legislature did not intend to permit recovery of La. R.S. 22:658 penalties in cases in which contractual damages are not awarded. In particular, La. R.S. 22:658(B) provides that the capricious failure to pay “shall subject the insurer to a penalty in addition to the amount of the loss, of fifty percent damages on the amount found to be due from the insurer to the insured....” (Emphasis added). The phrasing of the penalty called for by the statute as an add-on percentage of the recovery indicates an intent to prohibit penalty recovery regarding claims which are no longer viable. In the case in which this court has applied the longer prescriptive period applicable to personal actions, We Sell Used Cars, Inc., supra, the underlying claim on the policy was still viable. See Gordon v. State Farm Fire and Casualty Company, 895 F.2d 1036 (5th Cir. 1990). The court in Gordon, supra, concluded that a claim for penalties and attorney fees pursuant to La. R.S. 22:658 for arbitrary and capricious failure to pay a loss under a fire insurance policy is not recoverable if there is no liability for the underlying fire loss because it was time-barred.
Further, the insurance contract in the instant case provides that “no action” could be brought unless it is brought within one year of the date of loss. Similarly, the language in La. R.S. 22:691 prohibits “the recovery of any claim” unless brought within one year. Clearly, “no action” and *335 “any claim” would include one for penalties and attorney fees.
| ^Recovery under fire insurance policies, both for policy coverage and under the penalty statute, is not available if all recovery on the underlying contract is barred by prescription. As such, we find no error in the trial court’s granting of the exception of prescription.

Conclusion

For the reasons set forth above, the judgment of the trial court granting Audubon’s exception of prescription is hereby affirmed. Costs of this appeal are to be borne by plaintiff, David R. Hampton, Jr.
AFFIRMED.

. There is a question about whether the motion for new trial was timely filed. However, because the appellate delays from the judgment of February 7, 2006, had not expired at the time the motion for appeal was filed, this court has jurisdiction over the appeal regardless of whether the motion for new trial was timely.