NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

22-161


MONA WILSON

VERSUS

ST. LANDRY PARISH SCHOOL BOARD, ET AL.


**********

APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 19-C-0565-D
HONORABLE D. JASON MECHE, DISTRICT JUDGE

**********

**JONATHAN W. PERRY**
**JUDGE**

**********

Court composed of Billy Howard Ezell, Jonathan W. Perry, and Gary J. Ortego, Judges.


**AFFIRMED.**

**Mona C. Wilson**
**In Proper Person**
**Post Office Box 632**
**Washington, Louisiana  70589**
**(337) 212-1127**
**PLAINTIFF/APPELLANT**


**Jonathan D. Blake**
**Hammonds, Sills, Adkins, Guice, Noah, and Perkins LLP**
**2431 S. Acadian Thruway, Ste. 600**
**Baton Rouge, Louisiana  70808**
**(225) 923-3462**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **St. Landry Parish School Board;**
    **Edward Brown, Superintendent, St. Landry Parish School Board; and**
    **Larry Watson, Principal, Plaisance Elementary**

**PERRY, Judge.**

This is a pro se appeal by Plaintiff/Appellant as a result of the trial court judgment sustaining an exception of prescription in favor of Defendants. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

On September 14, 2016, Mona Wilson ("Plaintiff") was terminated from her employment as a physical education teacher at Plaisance Elementary School in St. Landry Parish for an incident which occurred on May 10, 2016. On February 5, 2019, Plaintiff filed suit against the St. Landry Parish School Board, Edward Brown, and Larry Watson (collectively referred to as "Defendants") alleging wrongful termination and defamation. The underlying facts of this case are discussed in a previous opinion of this court, in pertinent part, as follows:

> The purported May 10, 2016 incident giving rise to this suit occurred at Plaisance Elementary School in St. Landry Parish, where Plaintiff, Mona C. Wilson, was a physical education teacher. Several fifth grade students were purportedly assaulted by several older students while in the boy's [sic] locker room in the gym. The older students asserted that they were instructed to do so by a male coach as a form of discipline to the younger students due to their unruly behavior. One of the students accused Plaintiff, who had purportedly been appointed as the school disciplinarian, of allegedly instructing him to whip the younger students. Plaintiff, Ms. Wilson, was further accused of encouraging one of the older students to change his statement regarding her involvement in the incident.
>
> The parents of the students filed a criminal complaint with the Sheriff of St. Landry Parish, accusing her of improper discipline. Plaintiff explains that she was "arrested and faced criminal charges on May 17, 2016 for the alleged incident." According to Plaintiff's petition, the criminal complaint was not resolved until February 9, 2018 when all pending charges were dropped.
>
> The St. Landry Parish School Board had also initiated its own investigation, which lasted through the summer of 2016. School Superintendent Edward Brown then informed Plaintiff by letter of September 14, 2016 that her employment was terminated. As a non-tenured teacher, Ms. Wilson was not afforded a disciplinary hearing, and she was never afforded an opportunity to rebut the charges

at a hearing or to have her then attorney confront and cross examine any of the alleged witnesses.

The termination letter states in pertinent part:

> On August 3, 2016, I sent you a letter indicating that I was considering taking disciplinary action against you and providing you with an opportunity to respond to the letter. I have carefully reviewed all relevant information, including the initial and supplemental responses filed on your behalf, concerning the incident that occurred at Plaisance Elementary School on May 10, 2016.
>
> After conducting my review, I have decided to terminate your employment as a teacher with the St. Landry Parish School Board effective **September 14, 2016**. This letter serves as your notice of termination. You will receive your final payout on September 28, 2016.
>
> In accordance with Louisiana Revised Statute 17:443(A), please be advised that you may seek a summary review of my decision within 60 days.

(Emphasis added.)

Plaintiff did not seek judicial review of the termination action under La.R.S. 17:443, but filed this lawsuit on **February 5, 2019**. The petition and subsequent Amended Petition reported the timeline of events, including the allegations surrounding the purported May 10, 2016 incident, the School Board's May 13, 2016 notice of paid administrative leave, the School Board's August 3, 2016 notice of possible disciplinary action, the August 15, 2016 response of Plaintiff's attorneys to the notice of disciplinary action, and the above quoted September 14, 2016 notice of termination of employment.

Plaintiff's suit named the School Board, Superintendent Brown and Plaisance Elementary Principal Larry Watson as defendants, and broadly alleged causes of action for wrongful termination and defamation. Plaintiff also included in an Amended Petition an allegation that Principal Watson improperly "coerced" one of the students "to write another statement to include [Plaintiff's] name on it and provided that statement to the St. Landry Parish Sheriff's Office as fact." This seems to be the only student implicating Plaintiff. Mrs. Wilson notes that the male coach was allegedly in charge of the boys' gym class at the time.

*Wilson v. St. Landry Parish Sch. Bd.*, 20-136, pp. 2-6 (La.App. 3 Cir. 12/23/20), 311

So.3d 457, 459-61 (footnotes omitted) (emphasis in original).

Defendants filed a peremptory exception of prescription, asserting that Plaintiff's claims had prescribed because they are subject to a one-year liberative prescription. After a hearing on July 8, 2021, the trial court issued a judgment sustaining Defendants' exception and dismissing Plaintiff's claims, with prejudice. The judgment of the trial court was signed on November 9, 2021. Plaintiff appealed.

## APPELLANT'S ASSIGNMENTS OF ERROR

Appearing pro se, Plaintiff alleges the following five errors:

1. [The trial court] erred in sustaining a peremptory exception of prescription under the unique facts of this particular case and dismissing with prejudice all of [sic] claims against all Defendants[.]

2. [The trial court] erred in failing to apply *contra non valentem* to suspend the prescriptive period under the unique facts of this particular case[.]

3. [The trial court] legally erred by overlooking these allegations, rather than accepting them as true, and by interpreting the plaintiff['s] argument as mere ignorance of her legal right[.] The [trial court] concluded that the discovery rule did not apply and also no contractual claim.

4. [The trial court] prematurely grant[ed] the exception and dismiss[ed] the plaintiff['s] lawsuit with prejudice.

5. The Honorable Judge should have recused himself when the case was put in his court in April 2021; not wait until the hearing to disclose the conflict of interest.

## APPELLANT'S ARGUMENT

Plaintiff first claims the trial court erred in finding her suit had prescribed. Plaintiff alleges she was implicated in the incident that occurred on May 10, 2016, at Plaisance Elementary School, in retaliation for ignoring the sexual advances of Plaisance Elementary Principal Larry Watson. Plaintiff asserts she "discovered her termination was wrongful when she received Tom Green's letter providing proof that Defendant Principal [Larry] Watson was using the same retaliatory process on Plaintiff Mona Wilson that he is notorious for at Plaisance Elementary." Thus,

3

Plaintiff submits that "[a]rmed with this new testimony from Mr. Green[], circumstantial evidence now replaces with reasonable motive of why Defendant Principal Larry Watson would ask a student to lie. This conduct operates to suspend the running of prescription until plaintiff['s] discovery."

Plaintiff also alleges the trial judge was not fair and impartial. According to Plaintiff:

> [O]n the day of the hearing, retaliation clearly could be seen. The defendant [Larry Watson] was still angry with the plaintiff by using his words "You fucked up" . . . . Not only did he retaliated [sic] against the plaintiff but he defamed her as well with his lies. He lied through the whole testimony and his testimony should be impeached. The Honorable Jason Meche did not address his "You fucked up" comment it [sic] either. This made the plaintiff realize that maybe Judge Meche should have recused himself in the fairness of an impartial tribunal. After all, his wife does work for the school board as a teacher for Beau Chene High School. And maybe her tenured years would be jeopardized if there was a ruling in favor of the plaintiff. . . .

Thus, Plaintiff contends "she did not have a fair chance."

## APPELLEES' POSITION

In reply, Defendants argue Plaintiff's allegations of sexual harassment, judicial bias, and a "letter by Tom Green" are not properly before this court because Plaintiff did not submit said allegations and evidence to the trial court. Defendants allege Plaintiff never accused Larry Watson of sexual harassment before doing so in her appellate brief filed herein, nor did Plaintiff claim impartiality by Judge Meche or introduce "a letter by Tom Green" during the July 8, 2021, at the hearing in this matter. In support, Defendants cite *Ewing v. Westport Ins. Corp.*, 19-551, p. 6 (La.App. 3 Cir. 2/5/00), 290 So.3d 707, 711, *aff'd*, 20-339 (La. 11/19/20), 315 So.3d 175, wherein this court observed, "An appellate court cannot consider issues raised for the first time on appeal which have not been addressed by the trial court." Defendants submit that before the hearing in this matter began, Judge Meche disclosed that his wife was employed by the St. Landry Parish School Board.

4

Despite this knowledge, Plaintiff indicated she would not seek Judge Meche's recusal on this basis.

Defendants contend the only issue properly before this court for consideration is the trial court's judgment sustaining Defendants' peremptory exception of prescription. Defendants argue Plaintiff's actions are subject to a prescriptive period of one year. According to Defendants, Plaintiff's petition alleges she was notified of her termination via letter dated September 14, 2016, from St. Landry Parish School Board Superintendent Edward Brown. Defendants contend that Plaintiff has always been aware of the reasons for her termination, and that all allegations of damages alleged in Plaintiff's petition relate to allegations which allegedly occurred on or before September 14, 2016. Defendants contend that Plaintiff's petition, filed on February 5, 2019, was prescribed and, therefore, the trial court's judgment sustaining the exception of prescription and dismissing Plaintiff's claims should be affirmed. We agree.

## LAW AND DISCUSSION

"As a delictual action, a claim for wrongful termination actions is subject to a one year prescriptive period from the date of discharge." *Kately v. Martin Mills, Inc.*, 96-491, p. 2 (La. 12/11/96), 685 So.2d 512, 513 (citing La.Civ.Code art. 3492). Likewise, "[c]laims for defamation are delictual in nature and are subject to LSA-C.C. art. 3492's one-year prescriptive period, which commences to run from the day injury or damage is sustained." *Clark v. Wilcox*, 04-2254, p. 8 (La.App. 1 Cir. 12/22/05), 928 So.2d 104, 112.

Ordinarily, when dealing with prescription, the burden of proof is on the party pleading prescription; however, when the plaintiff's petition has clearly prescribed on its face, as it has here, the burden shifts to the plaintiff to prove that prescription

5

has been suspended or interrupted. *Comeaux v. Romero*, 15-473 (La.App. 3 Cir. 12/9/15), 182 So.3d 1102.

In the present case, Plaintiff was terminated on September 14, 2016, and filed suit on February 5, 2019. Plaintiff's suit is prescribed on its face. Accordingly, the burden shifts to Plaintiff to show interruption or suspension. Plaintiff alleges that she learned from Tom Green,[1] a janitor at Plaisance Elementary, that Plaisance Elementary Principal Larry Watson orchestrated her termination by coaxing a student to implicate her in the incident which occurred on May 10, 2016. She relies on her discovery of this alleged new evidence to argue prescription was interrupted. We are not persuaded by Plaintiff's argument that prescription was interrupted. New evidence does not change the date on which Plaintiff knew she had sustained damage and, therefore, could not interrupt prescription. *Cutler v. City of Sulphur*, 10-690 (La.App. 3 Cir. 12/8/10) (unpublished). Therefore, we find no error in the trial court judgment sustaining the exception of prescription filed by Defendants/Appellees, the St. Landry Parish School Board, Edward Brown, and Larry Watson, dismissing Plaintiff's claims against them with prejudice.

Finally, allegations of sexual harassment and judicial bias were neither raised nor submitted by Plaintiff in the hearing before the trial court. Therefore, these are not properly before this court for consideration. Uniform Rules—Courts of Appeal, Rule 1–3, states, "Courts of Appeal will review only issues which were submitted to the trial court[.]"

---

[1] While Defendants are correct that the documentary evidence to which Plaintiff refers in brief—a letter by Tom Green—was not properly introduced into evidence, we note the record does reflect Tom Green testified at the hearing of this matter.

## DECREE

For the foregoing reasons, the judgment of the trial court is affirmed.  Costs of this appeal are assessed to Plaintiff/Appellant, Mona Wilson.

**AFFIRMED.**

This opinion is **NOT DESIGNATED FOR PUBLICATION**.
Uniform Rules—Courts of Appeal, Rule 2–16.3.

7